**Moneer M. RAHHAL,**
**Appellant-Respondent,**

v.

**Nabeha MOSSIE, Respondent-Appellant.**

**Nos. KCD 29488, KCD 29491.**

Missouri Court of Appeals,
Western District.

Jan. 29, 1979.

William C. Paxton, Independence, for Rahhal.

Keith Wilson, Jr., and George E. Kapke, Independence, for Mossie.

Before HIGGINS, Special Judge Presiding, WELBORN, Special Judge, and PRITCHARD, J.

PRITCHARD, Judge.

The appeal of Nabeha Mossie arises from a judgment upon the verdict of a jury for $49,863.00 on Count I granted to her brother, Moneer M. Rahhal, upon his claim for a share in the proceeds of a promissory note, payable to both, given by Mr. and Mrs. Roberts in partial payment of the purchase price of an apartment building at 3431–3433 Holmes, Kansas City, Missouri. Count II prayed for punitive damages, but that issue was not submitted to the jury. The court also entered judgment for Moneer upon his Count III for partition of the remainder of the Roberts' note, and ordered distribution of the balance of the note and of an account containing payments received from the Roberts after Moneer filed his action. Upon the facts, and for the reasons following, Nabeha's appeal must be dismissed because not timely filed.

Judgment upon the verdict of Count I was entered January 6, 1977, and upon Count III for partition January 10, 1977. Nabeha filed her motion for judgment notwithstanding the verdict or for a new trial on January 21, 1977, and the motions were overruled on April 22, 1977. Thus, under Rule 81.04, the time for filing the notice of

appeal, and depositing the $20.00 docket fee, in the trial court, was fixed as of May 2, 1977. The notice of appeal shows this filing stamp: "1977 May—3 PM 3:44 FILED CIRCUIT COURT JACKSON COUNTY, MO. By *P.G.*" This is one day late. Nabeha, however, seeks to impeach the foregoing record before this court by her counsel's affidavit that the notice of appeal was timely filed on May 2, 1977. Under the cases, neither the affidavit nor the counter affidavits filed herein avail anything. In *Lloyd v. Grady,* 180 S.W. 1032 (Mo.App.1915), under existent statutes, plaintiff had four days after taking a voluntary nonsuit with leave to file a motion for new trial. The fourth day fell upon a Monday, a legal holiday, which was not then excluded in computing time as it is now under Rule 44.01(a). Plaintiff filed the motion to set aside the nonsuit and for new trial on Tuesday, held not to be timely. The court said, page 1033[2], "We cannot consider the evidence plaintiff incorporated in the bill of exceptions to impeach the record by showing that the motion, in fact, was filed in time. If the record does not show the true fact, plaintiff should have moved for its correction nunc pro tunc. We must take the record as it is." In *Hendershot v. Minich,* 297 S.W.2d 403 (Mo.1956), it was sought to show by affidavits, pro and con, concerning the supposed consent or lack of consent on the part of defendant's counsel to any hearing of a motion for new trial outside of Henry County, the county of trial, by a specially assigned judge thereto from Jasper County. The court rejected a consideration of the controversial affidavits filed months after the appeal was taken, saying, page 410[12–15], "We do not think that it was intended, or that it is proper, for an appellate court to hear or consider evidence, orally or by affidavit, to complete, correct, or impeach a transcript. Our appellate courts have on various occasions rejected affidavits and other extraneous writings, submitted for such purposes. See generally: (citing cases) * * * ; nor was there an application for a nunc pro tunc order * * * or to employ any other traditional method to cause the record of the trial court to reflect correctly what had transpired." In *Linneman v. Whitley,* 402 S.W.2d 76 (Mo.App.1966), it was sought to show, in seeking to set aside a default judgment, by affidavits that appellants' counsel had abandoned them. It was said, page 78, "In the case of *Dennison v. City of Kansas,* 95 Mo. 416, 8 S.W. 429, the court was asked to consider certain affidavits which were filed in the Supreme Court after the cause was transferred to it by appeal. The court declined to do so saying: 'Our rule and duty are to determine a cause upon the record as it comes to us from the trial court.' " Compare also *Bonadonna v. Bonadonna,* 322 S.W.2d 925, 927 (Mo.1959). Not only was there never a motion filed with the trial court to correct the clerk's record of the filing, if it was in error, by order nunc pro tunc, but there was never any application to this court to allow the filing of a notice of appeal out of time, within six months from the date the judgment became final under Rule 81.07(a).

Nabeha suggests also that a trial court entry of May 4, 1977, "Order for Specific Performance of Judgment Under Rule 74.20" set the date for finality. That order is not a part of the transcript of the record filed herein, and may not be noticed. *Holt v. Rabun,* 519 S.W.2d 561 (Mo.App. 1975). But regardless of that, the judgment entries of January 6 and 10, 1977, disposed of the issues and rights of the parties, and the May 4, 1977, order added nothing more. Rule 74.20 is inapplicable.

The filing of a timely notice of appeal is mandatory and is jurisdictional. *Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311 (Mo.App.1972). This court is therefore prevented from considering Nabeha's contentions of error because her notice of appeal was not filed within ten days of the date the judgment against her became final.

Moneer appeals from a judgment against him in favor of Nabeha upon her counterclaim. That counterclaim (Count I) was founded upon a written instrument between the parties evidencing a debt due

from Moneer and wife to Nabeha, dated October 1, 1963, for $15,000.00 with 5% interest, "to be paid from the equity of the house on 719 N.W. 34." To this counterclaim Moneer pleaded the bar of the statute of limitations, § 516.110 RSMo 1969, and his testimony was that he had made no payments on the note. The payment, i. e., the due date of the note, was by its terms fixed to the sale of the house on 719 N.W. 34, which occurred in 1964. The counterclaim was filed on February 5, 1976, so to survive the plea of the bar of the statute of limitations, Nabeha's evidence must show that she received some payment thereon within 10 years prior to that date. *Welborn v. Southern Equipment Co.*, 395 S.W.2d 119, 124[4, 5] (Mo. banc 1965). The burden of proof to show by substantial evidence that payments were made within time to toll the statute was upon Nabeha. *Locke v. Warden*, 179 S.W.2d 624, 627[1] (Mo.App.1944). Her testimony was this: She had never received any payments on the note, but she had received interest payments in 1965 and 1966, which was less than the interest amounts due. On cross-examination, she expounded: "Q * * * [A]nd as I recall from your deposition, you said something about getting $500.00 when you went down [to Oklahoma] to the funeral of your brother in '66? A Yeah. Q He died in January— A January 11th. Q January 11th, 1966? A Right." There was no other testimony of interest payments, and the date mentioned, January 11, 1966, when the payment was made is more than 10 years prior to February 5, 1976. The defense of the statute of limitations was good as to Nabeha's counterclaim on the note, and the court erred as a matter of law in submitting it to the jury. Moneer's motion for directed verdict, based upon the running of the statute of limitations should not have been overruled.

Nabeha's appeal is dismissed because the notice thereof was not timely filed. Her judgment on her counterclaim against Moneer is reversed and the case is reversed with directions to enter judgment against Nabeha and in favor of Moneer thereon.

All concur.