STATE of Missouri ex rel. George A. PEACH, Circuit Attorney for the City of St. Louis, etc., Relator,

v.

The Hon. Thomas C. GRADY, Associate Judge of the Circuit Court of St. Louis, Missouri, Respondent.

No. 42645.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 12, 1980.

Debra E. Herzog, Asst. Circuit Atty., St. Louis, for relator.

Leslie Edwards, Asst. Public Defender, St. Louis, for respondent.

DOWD, Judge.

Original proceeding in prohibition.

On January 2, 1980, Jeffrey Holland was found guilty, after a court tried proceeding, of the misdemeanor offense of stealing under $150. No record was made of this proceeding. Holland was entitled to seek a trial de novo of his misdemeanor conviction, pursuant to Section 543.290 RSMo 1978, by filing a proper application for a trial de novo within ten days after judgment was rendered. The certified court file indicates that such an application was filed on January 22, 1980. On February 26, 1980, the relator entered an oral motion to dismiss the application for a trial de novo as untimely filed. After hearing the arguments of the assistant circuit attorney and defendant's attorney, respondent overruled the motion to dismiss and it is from this order that our preliminary writ of prohibition was issued. Relator now requests that the preliminary writ be made absolute.

During the proceedings concerning the motion to dismiss the application for a trial de novo defendant's attorney filed her sworn affidavit stating that:

"1. On January 3, 1980 I filed a [sic] Application for Trial De Novo in the Clerk's Office of the Circuit Court of the City of St. Louis;

2. Thereafter, no record could be found of said Application for Trial De Novo;

3. On January 22, 1980 I filed a second copy of Application for Trial De Novo and obtained additional time within which to file said Application from Virgil H. Lucas, Judge, Division No. 26 until February 8, 1980."

The order permitting the defendant until February 8, 1980 to file an application for a trial de novo was made on January 28, 1980. There is no indication in the court record that an application for a trial de novo was filed on January 3, 1980, and defendant's attorney has not come forward with a duplicate copy of a January 3, 1980 application. The defendant's attorney stated in her return that the January 3, 1980 application "was lost by the Circuit Clerk's Office" and "no trace remains." Thus, the statement in the attorney's affidavit reproduced above that she "filed a second copy of Application for Trial De Novo" does not refer to a duplicate copy, but rather, that she filed another application on January 22, 1980.[1] After the introduction of the aforesaid affidavit referring to the filing of an application on January 3, 1980, the respondent overruled the motion to dismiss and found that the application for a trial de novo was timely filed.

---

1. This application for trial de novo was neither signed by the defendant nor his attorney.

Relator contends that respondent erred in finding a timely application for a trial de novo because an attorney's affidavit may not impeach the entries in an official court file. In addition, relator argues that when the application for trial de novo is not filed within ten days of judgment the circuit judge may not extend the time period for filing. Relator argues that by overruling the motion to dismiss the respondent is, in effect, permitting a trial de novo contrary to the mandate of Section 543.290 RSMo 1978, which constitutes an act done without or in excess of his jurisdiction. The defendant's attorney, an assistant public defender, has not favored this court with a brief. This is a practice to be discouraged. However, her return stated that the findings of the respondent were within his judicial discretion and his action was the appropriate remedy for the clerical error involved.

■ A writ of prohibition may be invoked to preclude a court from acting without or in excess of its jurisdiction. *State ex rel. Chemical Dynamics, Inc. v. Luten*, 581 S.W.2d 921, 923 (Mo.App.1979); *State ex rel. O'Connell v. Crandall*, 562 S.W.2d 746, 750 (Mo.App.1978).

The statute applicable to this case, Section 543.290 RSMo 1978, states in pertinent part as follows:

"1. Any person convicted before an associate circuit judge for any misdemeanor or infraction may have a trial de novo if the cause was not tried before a jury upon the record or before the judge upon the record by special assignment or transfer, if he shall file, within ten days after judgment is rendered, an application for a trial de novo stating that he is aggrieved by the verdict and judgment in the case and that application is not made for vexation or delay."

■ This provision clearly and unambiguously requires that an application for a trial de novo be filed within ten days after judgment. There is no mention of an extension of this ten day period by the associate circuit judge. Comparison of the aforesaid statute to the former Section 543.290 RSMo 1969 is relevant. This section provided:

"1. Any person convicted before a magistrate for any misdemeanor may appeal to the circuit or other court having jurisdiction in criminal cases, if he shall file, within ten days after judgment is rendered, an application stating that he is aggrieved by the verdict and judgment in the case and that appeal is not for vexation or delay."

■ The 1978 statute parallels the former Section 543.290, with the new amendments reflecting the reorganization of the court system adopted in 1978. In *State v. Rokita*, 588 S.W.2d 250 (Mo.App.1979) this court analyzed Section 543.290 RSMo 1969 and concluded that there was nothing in the statutes, Supreme Court Rules or cases which permitted a magistrate judge to extend the ten day period for filing a notice of appeal. There is no indication that the recently enacted Section 543.290 RSMo 1978 intended to extend the ten day period for filing the application for a trial de novo. We find nothing in the statutes, Supreme Court Rules or cases which authorizes the associate circuit judge to extend the ten day period.[2] *See, State ex rel. Blackwell v. Elrod*, 604 S.W.2d 768 (Mo.App.1980).

■ Relator next contends that the respondent erred in finding that an application for a trial de novo was timely filed on the basis of the affidavit by defendant's attorney that such an application was filed on January 3, 1980. There was no record entry of a January 3, 1980 application and there is no evidence of a duplicate in the record. In *Rahhal v. Mossie*, 577 S.W.2d 143 (Mo.App.1979), a party had until May 2,

---

2. The analysis in *State v. Rokita, supra*, included a discussion of former Rule 22.10, which was substantially similar to Section 543.290 RSMo 1969. While Rule 22.10 has since been repealed we do not believe this has any effect on our interpretation of Section 543.290 RSMo 1978. Furthermore, Rule 30.33, which became effective January 1, 1980, provides that Section 543.290 RSMo 1978 shall govern procedure in requests for trial de novo in criminal proceedings pending before an associate circuit judge in which no record is kept, which was the case here.

1977 to file a notice of appeal. The record in that case indicated that a notice of appeal had been filed on May 3, 1977. The appellant sought to impeach the record by filing with the appellate court her attorney's affidavit stating the notice of appeal was timely filed on May 2, 1977. The appellate court rejected any consideration of the affidavit and concluded that the notice of appeal was filed out of time. While the affidavit in the present case was filed with the court below rather than with this court, the rationale of *Rahhal* is applicable here and the affidavit does not avail anything.[3] Therefore, on the record before us, the respondent lacks jurisdiction to hear a trial de novo.

The writ of prohibition is made absolute.

STEPHAN, P. J., and STEWART, J., concur.

3. There was no application for a nunc pro tunc order or the employment of any other traditional method to cause the record of the trial court to reflect correctly what was alleged to have transpired. Nor do we reach the question of whether a nunc pro tunc order could be entered under the facts of this case. *Rahhal v. Mossie*, 577 S.W.2d 143, 145 (Mo.App.1979).