**CITY OF HERMANN, Respondent,**

v.

**Michael W. SCHAFFER, Appellant.**

No. 44015.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

James L. Anding, Pacific, for appellant.

P. Dennis Barks, Hermann, for respondent.

CRANDALL, Judge.

This appeal arises from a dismissal of appellant's consolidated applications for a trial de novo in the Circuit Court of Gasconade County. We affirm.

On December 1, 1980, the Hermann Municipal Division of the Gasconade County Circuit Court found appellant guilty of four ordinance violations and sentenced him to pay fines on each of the four charges, plus court costs. Thus, judgment was entered on December 1, 1980. The only indication in the sparse record presented to this court of an application for trial de novo is a circuit court docket sheet entry dated December 12, 1980. Appellant's failure to file and perfect his application for a trial de novo within ten days after judgment pursuant to § 479.200.2, RSMo 1978,[1] mandated the circuit court's dismissal of his applications.

The judgment of the trial court is affirmed.

REINHARD, P.J., and SNYDER, J., concur.

---

1. 479.200. Appeals, trial de novo

1. In any case tried before a municipal judge who is not licensed to practice law in this state, the defendant shall have a right to trial de novo, even from a plea of guilty, before a circuit judge or an associate circuit judge.

2. In any case tried before a municipal judge who is licensed to practice law in this state or before an associate circuit judge, except where there has been a plea of guilty or the case has been tried with a jury, the defendant shall have a right of trial de novo before a circuit judge or upon assignment before an associate circuit judge. An application for a trial de novo shall be filed within ten days after judgment and shall be filed in such form and perfected in such manner as provided by supreme court rule.

3. In any case tried with a jury before an associate circuit judge a record shall be made and appeals may be had upon that record to the appropriate appellate court.

4. The supreme court may provide by rule what record shall be kept and may provide that it be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices.