STATE of Missouri, ex rel. Brian D. WILSON, Relator,

v.

The Hon. Thomas E. SIMS, Judge of Kansas City Municipal Division 204, Circuit Court of Missouri, Defendant.

No. WD 34057.

Missouri Court of Appeals, Western District.

June 21, 1983.

Aaron A. Wilson, Jack H. Schrimsher and Dennis E. Lee, Kansas City, for defendant.

Robert Dunsford and Steven L. Hobson, Kansas City, for relator.

Before TURNAGE, P.J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

The circuit court issued its alternative and permanent writs of mandamus to municipal judge Thomas E. Sims, directing him to set a reasonable bond for Brian D. Wilson and to transfer the records of a municipal court case in which Wilson was convicted (upon his guilty plea) of stealing 44 cents' worth of merchandise.

Respondent Sims has appealed therefrom. We affirm.

Judge Sims had refused to sign relator Wilson's application for trial de novo, § 479.200(2), RSMo 1978, and had refused to transmit the case record to the circuit judge or associate circuit judge. Judge Sims' reason for so refusing was that Wilson had been convicted upon a guilty plea and that he therefore had no right to a trial de novo, citing § 479.200(2) and *Kansas City v. Davis*, 629 S.W.2d 631 (Mo.App. 1982). Judge Sims is "a municipal judge who is licensed to practice law." § 479.-200(2).

The case is decided adversely to Judge Sims' position by *State ex rel. House v. White*, 429 S.W.2d 277, 280–81 (Mo.App. 1968), where Judge Howard wrote:

Furthermore, it is fundamental that the question of the efficacy of the affidavit of appeal and of the right of the appellant to appeal from the judgment or order entered by the court below is to be decided by the court to which the appeal is taken and not by the court from which it is taken. Thus, the question of whether or not petitioner in the case at bar had a right to appeal from the judgment entered on his plea of guilty is one to be decided by the circuit court on the appeal. The municipal court has no function in determining this question. The processing of the notice of appeal is a mere ministerial duty and no discretion concerning such appeal is vested in the municipal court of any judge thereof. In this instance, the respondent judge was acting entirely without authority and was

interloping into a matter beyond his jurisdiction. He had no right to interfere in any manner with petitioner's appeal except only to accept the filing of the affidavit of appeal and approve the appeal bond in an appropriate case.

Under the present system, the appealed case goes from the municipal judge to a circuit judge or associate circuit judge within the same court, § 479.200, rather than from the municipal court to the circuit court, but the principle of *White* is still applicable.

The parties have briefed the further question, and have briefed it thoroughly and well, whether Mr. Wilson may appeal for the limited purpose of determining the validity of his waiver of counsel and his guilty plea. Judge Coburn, in a thoughtful memorandum accompanying his order making permanent the alternative writ of mandamus, expressed the opinion that *State ex rel. Kansas City v. Meyers,* 513 S.W.2d 414, 418 (Mo. banc 1974), governed and that it answered the question in the affirmative. Our opinion on that issue, as was Judge Coburn's, would be advisory only, since the case before us turns upon the narrow issue whether Judge Sims is or is not required to allow Mr. Wilson's attempted appeal for a trial de novo. We have held that he is required to allow it. When the case reaches the circuit judge or associate circuit judge upon appeal, then the trial judge upon appeal will determine whether he may consider the question of the validity of Mr. Wilson's guilty plea and the waiver of counsel.

The judgment is affirmed.

All concur.