**CITY OF SLATER, Missouri,
Respondent,**

v.

**Donald James BURKS, Appellant.**

**No. WD 37647.**

Missouri Court of Appeals,
Western District.

July 22, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Aug. 28, 1986.

Roy W. Brown, Bruce B. Brown, Kearney, for appellant.

William Patrick Cronan, Columbia, for respondent.

Before CLARK, C.J., Presiding, and TURNAGE and KENNEDY, JJ.

PER CURIAM:

Defendant appeals dismissal by the circuit court of his application for trial de novo in circuit court. He entered pleas of guilty to charges of assault, disturbing the peace and trespass, in the municipal court of Slater, Missouri; was sentenced to serve 30 days in jail; and execution of his sentence was suspended on condition that he not violate the law.

The order of the circuit court dismissing defendant's application for a trial de novo is affirmed.

Defendant was charged with assault, disturbing the peace, and trespass as a result of a domestic disturbance that occurred in April, 1985. On June 15, 1985, he appeared before Judge Allen Soper, an attorney licensed in the State of Missouri, and entered guilty pleas on the three charges. Before making his pleas, defendant signed a written waiver of his right to assistance of counsel. Judge Soper accepted defendant's pleas and admonished defendant that the plea bargain included the condition that defendant stay out of trouble during the stay of execution of his sentence. Pursuant to the plea bargain, Judge Soper sentenced defendant to serve 30 days in jail and suspended his sentence on the condition that he pay court costs and not violate the law during the period of the stay.

On the afternoon of June 15, 1985, following the plea hearing, the police accompanied defendant to his house to supervise removal of defendant's possessions. While defendant was at his house, he entered into another altercation with his wife. He was charged with damage to property and arraigned June 22, 1985. At the hearing, defendant's counsel filed a motion to set aside the judgment on the earlier charges and to allow defendant to withdraw his guilty pleas. The motion was set for July 13, continued to August 17, and overruled by Judge Soper on August 17, 1985. Judge Soper entered the judgment that had been handed down on June 15, 1985, and ordered execution of the 30-day jail sentence. Defendant was also convicted on August 17, 1985, of the damage to property charge stemming from the June 22, 1985, incident.

Six days later, on August 23, 1985, defendant filed an application for a trial de novo in the first case. The City of Slater filed a motion to dismiss for lack of jurisdiction. On September 22, 1985, Judge Bellamy, of the Circuit Court of Saline County, took up the city's motion and heard argument on both sides. Judge Bellamy then found, on the record, that defendant's plea was intelligently and voluntarily entered, and sustained the city's motion to dismiss. Defendant appeals from the judgment dismissing his application for a trial de novo, arguing that his application was timely and

conferred jurisdiction on the circuit court to determine whether his guilty plea was voluntary.

 Defendant is permitted, by statute, to apply for a trial de novo after conviction in municipal court. Section 479.200, RSMo Supp.1986. The appeal is not an appeal of right if the defendant entered a plea of guilty and the judge before whom his case was tried was an attorney licensed to practice law in the State of Missouri. Section 479.200. When, as in this case, the judge is a licensed attorney, the defendant must make a timely application for a trial de novo; the municipal court must permit the application for the trial de novo, *State ex rel. Wilson v. Sims*, 654 S.W.2d 325, 326 (Mo.App.1983); and the circuit court must then determine whether defendant's plea was voluntary. *State ex rel. Kansas City v. Meyers*, 513 S.W.2d 414, 418 (Mo.banc 1974). If the challenge to the plea is successful, the circuit court may grant the defendant a trial de novo.

The statute requires that the application for trial de novo be filed within ten days after the judgment is entered. Section 479.200.2, RSMo. The judgment in the first case against defendant was entered June 15, 1985, the day he made the challenged plea. Defendant filed the application on August 23, 1985, as if the judgment appealed from was the order overruling his motion to vacate the guilty plea and ordering the sentence executed.

 Defendant argues that the filing of his motion to vacate the guilty plea stayed the running of the ten days in which to file the application for trial de novo; this is not so. The filing of a motion to vacate a guilty plea under Rule 37.77 is an alternative remedy and does not affect the running of the time to apply for a trial de novo. The statute does not authorize the court to extend the filing time beyond the ten-day period, Section 479.200, and the time limit is strictly enforced. *See, e.g., City of Hermann v. Schaffer*, 637 S.W.2d 815 (Mo.App.1982); *State ex rel. Peach v. Grady*, 608 S.W.2d 142, 143 (Mo.App.1980).

Defendant's application for a trial de novo was not timely and did not confer jurisdiction on the circuit court to review the voluntariness of his plea. The court did not err in dismissing the application.

Judgment affirmed.