**In the Interest of R.J.B., III, a child under seventeen years of age.**

**Greene County Juvenile Office, Respondent,**

v.

**K.D.B., Appellant.**

**No. 23391.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 28, 2000.

Application for Transfer Denied Oct. 23, 2000.

Application for Transfer Denied Dec. 5, 2000.

John E. Kelly, Springfield, for appellant.

Bill Prince, Springfield, for respondent.

PHILLIP R. GARRISON, Judge.

K.D.B. ("Mother") appeals the judgment of the trial court terminating her parental rights with respect to her son, R.J.B., III ("R.J.B."). Mother contends that the trial court erred in terminating her parental rights because its determination that she failed to rectify the conditions that led to

R.J.B.'s removal was against the weight of the evidence. We affirm.

R.J.B., who was born on January 13, 1997, came to the attention of the Greene County Juvenile Office and the Division of Family Services on or about October 7, 1997, following a report of neglect and abuse. A subsequent investigation found that R.J.B. had numerous unexplainable injuries, and he was removed from the home and placed in foster care. A petition to terminate parental rights was filed by the Greene County Juvenile Office on October 13, 1998. In that petition, several grounds for termination were alleged including: R.J.B. had been abandoned by his alleged biological father; R.J.B. had been adjudicated to have been abused and neglected; and R.J.B. had been under the jurisdiction of the court for a period of one year and the conditions that led to the assumption of jurisdiction continued to exist.

In considering whether to terminate Mother's parental rights, evidence of abuse against R.J.B. was judicially noticed and considered by the trial court. This evidence showed that when R.J.B. was removed from the home he had dime-size bruises on his head, scratches, and a red mark on the top of his head described as "a cigarette burn, with the hair around that burn appearing to be singed." Mother could not explain these injuries.

At the hearing to terminate parental rights, evidence was presented showing that Mother regularly visited R.J.B. while he was in foster care and occasionally brought him gifts and clothes, but provided no monetary support. Social workers also testified that Mother failed to follow through with her court-ordered treatment plan in that she failed to attend therapy, failed to maintain employment, and failed to cooperate with the Division of Family Services. Mother did complete two sets of parenting classes and was requested to attend a third, but had not yet attended at the time of the hearing. Mother also initially attended a family reunification pro-

gram, but the sessions were terminated due to Mother's lack of motivation and follow-through, including the fact that Mother fell asleep during the sessions. Social service workers also reported that Mother continually had trouble with personal hygiene.

Testimony presented at the hearing also showed that Mother failed to maintain stable, suitable housing. Mother resided in at least seven known locations during the time of her treatment plan. At the time of the hearing, Mother was residing in a trailer on her parents' property. The trailer had holes in the walls and floors, was cluttered, and was without running water and a working stove or oven. A social service worker who had visited the trailer several times testified that portions of the home were covered with trash and dog feces, and that she was not allowed entry into the bedrooms due to Mother's representations that the bedrooms were "trashed." The social service worker indicated that all of her visits were announced and that the condition of the trailer was the same upon each of the visits.

Evidence was also presented that Mother suffered from a possible learning disorder and a personality disorder. The evidence indicated that while Mother's condition could be treated, it would be a long-term process as it was doubtful Mother would be proactive in changing her current parenting practices. Mother was referred to a psychologist for care, but failed to keep many of her appointments, citing such reasons as the need to visit her boyfriend.

On November 17, 1999, the trial court entered its judgment terminating the parental rights of Mother, as well as the alleged biological father, to R.J.B. Mother, alone, appeals that judgment.

■■■ This court will affirm an order terminating parental rights unless no substantial evidence supports it, unless it is against the weight of the evidence, unless

it erroneously declares the law, or unless it erroneously applies the law. *Matter of M.M.*, 973 S.W.2d 165, 168 (Mo.App. S.D. 1998). This standard of review is not inconsistent with the "clear, cogent and convincing" standard of proof required by Section 211.447 [1] in termination cases. *In Interest of T_ M. E_,* 874 S.W.2d 552, 559 (Mo.App. S.D.1994). In reviewing the sufficiency of the evidence supporting an order, this court considers the evidence and all reasonable inferences in the light most favorable to the order. *In Interest of M.N.M.*, 906 S.W.2d 876, 878 (Mo.App. S.D.1995). Further, due regard is given to the trial court's opportunity to judge the credibility of witnesses. *In Interest of M.H.*, 859 S.W.2d 888, 892 (Mo.App. S.D. 1993).

Mother raises one point on appeal. In it, she contends that the trial court erred in terminating her parental rights "because its determination that [Mother] failed to rectify conditions that led to [R.J.B.'s] removal was against the weight of the evidence in that [Mother] did not have a mental condition justifying loss of parental rights, did demonstrate adequate parenting skills, and did substantially comply with her treatment plan."

■■■ Mother's claim of error appears to be directed to only one of the grounds for termination found by the trial court, Section 211.447.4(3), often referred to as the "failure to rectify." *See In Interest of R_L_K_,* 957 S.W.2d 778, 782 (Mo.App. S.D.1997). Neither Mother's point relied on nor the argument following it appears to challenge the sufficiency of the evidence to support the trial court's finding of abuse and neglect under Section 211.447.4(2). Under Section 211.447.5, a trial court may terminate parental rights if it finds termination is in the child's best interests and when it appears by clear, cogent and convincing evidence that one or more statutory grounds for termination exists. *See M.N.M.*, 906 S.W.2d at 879. The existence of even one statutory ground for termi-

---

1. All statutory references are to RSMo Cum.     Supp.1999, unless otherwise indicated.

nation is sufficient if termination is in the child's best interests. *In re S.L.J.*, 3 S.W.3d 902, 907 (Mo.App. S.D.1999); *In Interest of E.B.S.*, 876 S.W.2d 8, 10 (Mo. App. S.D.1994). Consequently, even if Mother's attack on the "failure to rectify" ground were meritorious, it would not compel reversal.

Mother spends the majority of her brief arguing that there was insufficient evidence to support the trial court's finding that Mother suffered from a permanent mental condition which would render her unable to appropriately parent R.J.B. The trial court, however, did not reach such a conclusion regarding Mother's mental health. The trial court did find, and the evidence supported such a finding, that Mother suffered from a possible learning disorder and a personality disorder. However, the trial court ultimately concluded that although it would be a long-term process to deal with some of Mother's issues, Mother's condition could be treated.

The trial court did not, as Mother asserts, terminate Mother's parental rights on the basis of "[a] mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control" under Section 211.447.4(3)(c). This is evident from the trial court's findings under Section 211.447.4(3) and its "Conclusions of Law." Under Section 211.447.4(3), the trial court found that there was "no evidence" that Mother "suffered from such a [mental] condition." In addition, in its "Conclusions," the trial court did not mention Mother's mental health in making its determination to terminate Mother's parental rights. The trial court terminated Mother's parental rights on the basis of (1) abuse and neglect due to "severe and/or recurrent acts of physical abuse" and Mother's repeated failure to provide R.J.B. with "adequate food, clothing, shelter or education as defined by law, or other care necessary for [his] physical, mental or emotional health and development," and

(2) failure to rectify the conditions which led to assumption of jurisdiction, including the failure to comply with treatment plans, the failure to provide a stable place of residence, and the failure to maintain stable employment. This portion of Mother's point, therefore, is without merit.

In the remainder of her argument concerning the "failure to rectify," Mother contends that her parental rights should not be terminated as she demonstrated adequate parenting skills and substantially complied with her treatment plan. The evidence shows, however, that Mother failed to improve her parenting skills and also failed to follow through with the social service plan set up by the Division of Family Services. The trial court in its findings under Section 211.447.4(3) noted that Mother had "limited insight into her situation and accepted no responsibility for [R.J.B's] circumstances." It also found that despite numerous referrals for counseling, therapy, visitation, and on-going casework services, Mother was not able "to adjust [her] circumstances to provide an appropriate home for [R.J.B.]." There was evidence presented that Mother did not provide a stable place of residence that met minimal health and safety standards. During her treatment plan, Mother moved approximately seven times, and at the time of the hearing, lived in a trailer that had no running water, no working stove or oven, and was dirty and cluttered. Further, Mother failed to maintain stable employment, did not provide any monetary support to R.J.B., and only occasionally provided R.J.B. with clothing and gifts.

There was clear, cogent and convincing evidence presented to support the termination of Mother's parental rights. Mother's point is, therefore, denied.

The judgment of the trial court is affirmed.

PREWITT, J., and CROW, J., concur.