**In the Interest of M.D.L., a minor**
**A.F.L., Appellant,**

v.

**GREENE COUNTY JUVENILE OFFICE, Respondent.**

No. 24951.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 24, 2003.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 18, 2003.

Lois M. Zerrer, Zerrer & Pruitt LLC, Springfield, for Appellant.

William Prince, Springfield, for Respondent.

JOHN E. PARRISH, Judge.

A.F.L. (mother) appeals a judgment terminating her parental rights to M.D.L., a male child born July 13, 1999. This court affirms.

The juvenile division of the Greene County Circuit Court took custody of M.D.L. on or about July 16, 1999. M.D.L. was removed from mother's custody as a newborn. M.D.L. never resided at home with mother before the juvenile court took jurisdiction of him. The juvenile court took custody of M.D.L. because of physical abuse inflicted on his sibling, D.F., by Michael Bridwell, mother's paramour. Mother denied the allegations of abuse of D.F. by Bridwell. She continued to maintain her relationship with Bridwell following M.D.L.'s birth.

The petition to terminate mother's parental rights to M.D.L. was filed October 19, 2000. It alleged M.D.L. had been in alternative care pursuant to an order of the juvenile court issued on or about July 16, 1999, due to parental neglect. It asserted M.D.L. had been under jurisdiction of the juvenile court in excess of one year without conditions that led to assumption of jurisdiction over the child being rectified; that there was little likelihood those conditions would be remedied at an early date; that continuation of the parent-child relationship greatly diminished M.D.L.'s prospects for early integration into a stable and permanent home.

The juvenile court judgment recites the finding:

The child, [M.D.L], has been abused and/or neglected and was adjudicated to have been abused and neglected by the Juvenile Court of Greene County, Missouri, in case number 199JU0357, wherein it was found that: (a) [D.F.], a sibling to the minor child was placed in protective custody in Greene County Juvenile Court Case Number 198JU0335 due to physical and sexual abuse by the first alleged biological father and that the mother failed to protect said minor child from said abuse, and further, the mother and first alleged biological father, [Michael Bridwell], consistently denied said abuse occurred. [sic] (b) That visitation between the sibling [D.F.] and the mother was terminated due to the mother's continued association with Michael Bridwell; (c) That despite the mother receiving extensive services from the Division of Family Services, the mother continued to be unwilling and unable to provide a safe and secure environment for the minor child, [M.D.L.]; . . . .

The juvenile court concluded:

Based on evidence presented . . ., this Court finds and concludes based on clear, cogent and convincing evidence that the allegations contained in the Petition to Terminate Parental Rights are true and the statutory grounds for the termination of parental rights of the mother, . . . exist in that:

. . .

b. The child was neglected by the mother and the fathers.[ 1]

c. The child has been under the jurisdiction of the court for in excess of one year and the conditions leading to the assumption of jurisdiction continue to exist.

The juvenile court further found it was in the best interests of M.D.L. to terminate the parental rights of mother and the other respondents. Judgment was entered terminating parental rights of each respondent.

This court will affirm an order terminating parental rights unless no substantial evidence supports it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Matter of M.M.*, 973 S.W.2d 165, 168 (Mo.App. S.D.1998). This standard of review is not inconsistent with the "clear, cogent and convincing" standard of proof required by Section 211.447 [RSMo Cum.Supp.1999 [2]] in termination cases. *In Interest of T—M. E—*, 874 S.W.2d 552, 559 (Mo.App. S.D.1994). In reviewing the sufficiency of the evidence supporting an order, this court considers the evidence and all reasonable inferences in the light most favorable to the order. *In Interest of M.N.M.*, 906 S.W.2d 876, 878 (Mo.App. S.D.1995). Further, due regard is given to the trial court's opportunity to judge the credibility of witnesses. *In Interest of M.H.*, 859 S.W.2d 888, 892 (Mo.App. S.D.1993). *In re R.J.B.*, 30 S.W.3d 868, 870 (Mo.App. 2000).

■ Mother's first point on appeal asserts the juvenile court erred in terminat-

---

1. The petition to terminate parental rights sought termination of parental rights of mother, a "first alleged biological father," a "second alleged biological father," a "legal father," and "the unknown biological father" (collectively referred to as "respondents").

Parental rights of all respondents were terminated. Only mother appeals.

2. The text of § 211.447, RSMo Cum.Supp. 1999, is identical to the text of the 2000 revision of that statute that is applicable to this case.

ing her parental rights "because the evidence was not clear, cogent and convincing that [mother] neglected her son in that the evidence established that [mother] did not have: 1) a mental condition which prohibits her from providing the child necessary care, custody and control, 2) a chemical dependency which prevented her from providing necessary care, 3) knowledge of or should have known of severe or recurrent acts of physical, emotional or sexual abuse, and 4) the inability to provide adequate care, custody and control."

Point I is directed to factors on which a juvenile court must make findings in determining if parental rights should be terminated because of abuse or neglect. Section 211.447.4(2) [3] requires the juvenile court to consider and make findings on the following conditions or acts of a parent:

(a) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control;

(b) Chemical dependency which prevents the parent from consistently providing the necessary care, custody and control of the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control;

(c) A severe act or recurrent acts of physical, emotional or sexual abuse toward the child or any child in the family by the parent, including an act of incest, or by another under circumstances that indicate that the parent knew or should have known that such acts were being committed toward the child or any child in the family; or

(d) Repeated or continuous failure by the parent, although physically or financially able, to provide the child with adequate food, clothing, shelter, or education as defined by law, or other care and control necessary for the child's physical, mental, or emotional health and development[.]

As this court perceives Point I, it contends the juvenile court was required to find existence of each circumstance identified in § 211.447.4(2) in order to terminate mother's parental rights for abuse or neglect. That assertion is incorrect. Section 211.447.4(2) specifies child abuse or child neglect as grounds that permit terminating parental rights. It provides that the juvenile court, in reviewing the facts of the case before it, shall make findings on the factors identified in the statute's subparagraphs (a), (b), (c) and (d) in considering whether neglect occurred. Section 211.447.4(2) does not require that all circumstances on which it mandates findings must exist before parental neglect may be found. Neither does the statute preclude consideration of other circumstances for purposes of determining neglect.

In deciding *In Interest of K.O.*, 933 S.W.2d 930 (Mo.App.1996), the Eastern District of this court recognized that not all factors on which findings must be made are required to exist in order to find neglect. It affirmed the termination of parental rights on the basis of neglect, although some factors on which the statute requires findings were determined to be irrelevant to the circumstances of that case. *In Interest of K.O.* acknowledged findings were required "[e]ven if the subject matter of any of subparagraphs (a) through (d) is irrelevant to the disposition of the action." *Id.* at 932.

---

3. References to statutes are to RSMo 2000 unless stated otherwise.

In this case, the juvenile court found with respect to the factor identified in subparagraph (c):

> Evidence was presented that a sibling to [M.D.L.], [D.F.], was removed from the mother's care due to the commission of physical and sexual abuse toward said child by ... Michael Bridwell. Evidence was further presented that said abuse occurred under circumstances that indicated that the mother knew or should have known of the commission of such abuse and that even after learning of the abuse, the mother continued to deny the abuse occurred and continued to reside with and associate with [Michael Bridwell].

It found with respect to the factor in subparagraph (d), "The parents failed to provide the child with adequate food, clothing, shelter or education as defined by law and totally failed to provide the child with the necessary care, custody and control."

With regard to the factor identified in subparagraph (a) (the requirement of a finding concerning a parent's mental condition by which the parent would be rendered "unable to knowingly provide the child the necessary care, custody and control"), the juvenile court found, "No evidence was presented that any of the parents suffered from such a mental condition." The juvenile court found with respect to the factor in subparagraph (b) (chemical dependency that would prevent a parent from consistently providing necessary care, custody and control of the child and which could not be treated to enable the parent to render such care), "No evidence was presented that the parents suffered from such a dependency."

The juvenile court findings regarding factors identified in § 211.447.4(2)(a), (b), (c) and (d) meet the procedural requirements of that statute. Point I is denied

with respect to its assertion that those procedural requirements were not met.

Point I does not challenge the juvenile court finding that an earlier Greene County Juvenile Court case, No. 199JU0357, determined mother guilty of neglect by reason of having failed to protect M.D.L.'s sibling, D.F., from physical and sexual abuse by her paramour. Further, this court notes that the record on appeal which mother, as appellant, had the duty to provide (*see Belisle v. City of Senath*, 974 S.W.2d 600, 601 (Mo.App.1998)), does not include a copy of the judgment or copies of any other document from case No. 199JU0357. This court infers from mother's failure to deny that she was previously determined to have neglected M.D.L., that she concedes that determination. Point I is denied.

Mother poses no other challenge to the determination that she neglected M.D.L. Mother's remaining points are directed to the second ground the juvenile court found for terminating parental rights, that the child had been under its jurisdiction in excess of one year, and the conditions that led to the juvenile court's assumption of jurisdiction continued to exist (Point II), and a complaint that the juvenile court findings on the factors required to be addressed by § 211.447.6 were against the weight of the evidence (Point III).

 Having found no error in the juvenile court's adjudication of neglect as a statutory basis for termination of parental rights, it is not necessary to address a second statutory ground for termination. *M.J. v. Greene County Juvenile Office*, 66 S.W.3d 745, 747 (Mo.App.2001); *In Interest of S.J.G.*, 871 S.W.2d 638, 640 (Mo.App. 1994). "Termination of parental rights will be affirmed upon any statutory grounds upheld on appeal." *In Interest of L.V.M.*, 961 S.W.2d 129, 134 (Mo.App.1998). Point II, therefore, warrants no discussion.

Mother's remaining point, Point III, argues the juvenile court findings with respect to factors recited in § 211.447.6 were against the weight of the evidence.[4] The findings mother contends were against the weight of the evidence were directed to M.D.L.'s emotional ties to her, § 211.447.6(1); the extent to which mother maintained regular visitation or other contact with M.D.L., § 211.447.6(2); the extent of mother's payment for M.D.L.'s cost of care and maintenance when mother was financially able to do so, § 211.447.6(3); whether additional services would likely bring about lasting parental adjustment to enable return of M.D.L. to mother within an ascertainable period of time, § 211.447.6(4); and mother's display of interest or commitment to M.D.L., § 211.447.6(5).

Findings were made on each factor about which Point III complains. There was evidence presented that supports the findings the juvenile court made with respect to these factors. "It is the trial court's duty to assess the quantity and quality of evidence presented. *Hawk v. Director of Revenue,* 943 S.W.2d [18] at 20 [(Mo.App.1997)]. Appellate courts, mindful that 'a trial court has the prerogative when weighing witness credibility to accept or reject all, part, or none of the testimony of any witness,' defer to trial courts' determinations in those respects. *Id.*" *In re K.K.J.,* 984 S.W.2d 548, 553 (Mo.App.1999). Point III is denied. The judgment is affirmed.

PREWITT, P.J., and SHRUM, J., concur.

---

4. § 211.447.6 directs the court to make findings on seven factors when considering termination of parental rights pursuant to certain provisions of that statute, including § 211.447.4(2) and (3).