**George BROWN, Jr., Appellant,**

v.

**MO DELTA MEDICAL CENTER, Respondent.**

**No. SD 29629.**

Missouri Court of Appeals, Southern District, Division One.

July 7, 2009.

George Brown, Jr., Greenville, IL, pro se.

James J. Hennelly and Douglas B. Ponder, Hazelwood & Weber, LLC, St. Charles, for Respondent.

ROBERT S. BARNEY, Judge.

George Brown, Jr. ("Appellant"), who appears *pro se*, appeals the trial court's judgment denying his "Motion for Reconsideration" which was filed in connection with a wrongful death cause of action brought by Appellant in relation to the death of his son, which occurred at MO Delta Medical Center ("Respondent"). Appellant asserts three points of trial court error.

The record reveals Appellant filed his "Suit for Damages Pursuant to [section] 537.080 Wrongful Death and [section] 538.210 Non[-]economic Damages" on May 1, 2006.[1] Almost a year later, on April 17, 2007, a "Summons in Civil Case" was issued against Respondent and it was served with Appellant's lawsuit. An entry of appearance and responsive pleadings were not filed on Respondent's behalf until June 20, 2007. On July 6, 2007, the trial court granted Respondent's request for leave to file its pleadings out of time. On that date, Respondent also filed a motion to dismiss Appellant's cause of action on the basis that not only had Appellant failed to "allege facts establishing the required proof elements of a claim for wrongful death based on alleged medical malpractice," but he also failed to file "an expert affidavit as required by ..." statute.[2]

Appellant then filed a "Motion to Dismiss Without Prejudice" on July 19, 2007. In this motion, Appellant "respectfully move[d] to dismiss" his case and "voluntarily move[d]. ... to dismiss [his case] **without prejudice** with the right to refile within one year of the date the motion is granted, if the [c]ourt so grants."

The following day on July 20, 2007, the trial court entered its "Judgment of Dismissal" which granted Respondent's motion to dismiss. The trial court then dismissed Appellant's case without prejudice to all of the parties involved.

Subsequently, on February 27, 2008, Appellant filed a "Motion Requesting Reconsideration" of Respondent's "Motion For Leave To File Out of Time filed by [Respondent] on June 18, 2007...." Appellant argued that "the order granting the motion should be deleted from the record" because the trial court "exceeded its authority in granting said motion as the [trial court's] jurisdiction ... had expired when [Respondent] failed to file the motion prior to the deadline for doing so." Appellant also urged the trial court to reconsider its July 20, 2007, "Judgment of Dismissal" for the same reasons and requested the trial

---

1. Unless otherwise stated, all statutory references are to RSMo 2000.

2. We note Appellant did file an "Affidavit" in this matter; however, this affidavit was from the mother of his son relating to conversations she had with her son's doctors prior to his death. While not expressly so holding, it is our view that this is not the type of affidavit contemplated in wrongful death actions. *See* § 538.225, RSMo Cum.Supp.2005.

court "enter a judgment by default for the relief demanded in the petition." [3]

On January 13, 2009, the trial court denied Appellant's motion for reconsideration. This appeal followed.

Appellant now raises three points of trial court error. In his first point relied on, Appellant asserts trial court error "in granting [Respondent's] motion for leave to file out of time because [Respondent] failed to meet the mandates of Rule 44.01[ (b) ](2) requiring sufficient excusable neglect to file out of time." [4] In his second allegation of trial court error, Appellant maintains "[t]he trial court erred in granting [Respondent's] motion for leave to file out of time because the court failed to follow the mandates of Rules 54.02 and 55.25." Appellant's third point relied on asserts "[t]he trial court erred in granting [Respondent's] motion to dismiss because Appellant did file an affidavit and the motion was filed without sufficient excusable neglect."

At the outset, we note that Appellant's appeal suffers from a serious defect which affects the entirety of his appeal. Appellant is appealing from the trial court's judgment of January 13, 2009, which denied his motion for reconsideration. While it does not explicitly denominate itself as such, the "Motion Requesting Consideration" at issue has all the attributes of a Rule 74.06(b) motion to set aside a prior judgment.[5] The judgment Appellant is trying to collaterally attack is the trial court's July 20, 2007, "Judgment of Dismissal" which granted Respondent's motion to dismiss. The problem Appellant faces is that his voluntary filing on July 19, 2007, of a "Motion to Dismiss Without Prejudice" dismissed his cause of action at that time.

■■■■■ "Rule 67.02(a)(2) provides that, with exceptions not present here,[6] 'a civil action may be dismissed by the plaintiff without order of the court anytime in cases tried without a jury, *prior to the introduction of evidence.*'" *State ex rel. Moore v. Sharp*, 151 S.W.3d 104, 107 (Mo.App.2004). "'The trial court loses jurisdiction at the time of dismissal and no appeal can be taken from the dismissal.'" *Id.* (quoting *P.R. v. R.S.*, 950 S.W.2d 255, 256 (Mo.App. 1997)). A "voluntary dismissal is effective on the date it is filed with the court." *Kirby v. Gaub*, 75 S.W.3d 916, 917 (Mo.

---

**3.** In his "Reply to [Respondent's] Response to [Appellant's] Motion for Reconsideration," Appellant makes no assertions relating to the July 20, 2007, "Judgment of Dismissal" and, instead, focuses solely on the July 6, 2007, order granting Respondent leave to file out of time.

Further, we note in his brief and in the pleadings filed with the trial court there is confusion about various dates when rulings were made or documents were filed. We defer to the docket sheet in this matter as well as the filed stamped pleadings and not the statements made by Appellant.

**4.** All rule references are to Missouri Court Rules (2007).

**5.** Rule 74.06(b) states:
[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

**6.** Rule 67.02(a)(1) also provides that a "civil action may be dismissed by the plaintiff without order of the court anytime: (1) prior to the swearing of the jury panel for the voir dire examination...."

App.2002). "While no court order is required to effectuate the dismissal, the court may enter administrative orders such as those with regard to the assessment of costs." *Id.* It is clear that

> once a plaintiff files a voluntary dismissal of his or her petition [under Rule 67.02(a)(2) ]: 'nothing remains before the court upon which it can act; even an order reinstating the case on the trial docket at the plaintiff's request is a nullity. The legal situation is as though the suit had never been brought. No steps can be taken, and any step attempted in the dismissed suit is a nullity.'

*Richman v. Coughlin,* 75 S.W.3d 334, 338 (Mo.App.2002); *see P.R.,* 950 S.W.2d at 256.

The voluntary dismissal in this case was filed on July 19, 2007, prior to the granting of Respondent's motion to dismiss. There was no necessity of trial court approval of the voluntary dismissal motion, and it took effect the moment it was filed. Therefore, the purported "Judgment of Dismissal" entered on July 20, 2007, was entered by the trial court "after it had lost the ability to do so." *In Re Estate of Shaw,* 256 S.W.3d 72, 77 (Mo. banc 2008). As such it is a nullity. *See In re Estate of Klaas,* 8 S.W.3d 906, 909 (Mo.App.2000). Under these circumstances " 'the appellate court has jurisdiction of the appeal but [cannot] consider that appeal on its merits.' " *Shaw,* 256 S.W.3d at 77 (quoting *Shepler v. Shepler,* 348 S.W.2d 607, 609 (Mo.App.1961)). We dismiss Appellant's appeal.

BATES, J., and SCOTT, P.J., concur.