George BROWN, Jr., Appellant,

v.

MISSOURI DELTA MEDICAL CENTER, Respondent.

No. SD 30578.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 20, 2010.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 12, 2010.

---

George Brown, Jr., pro se.

No appearance for Respondent.

**DANIEL E. SCOTT, Chief Judge.**

Appellant Brown sued Respondent Medical Center in 2006, alleging medical negligence in the death of his son. He voluntarily dismissed his case on July 19, 2007. *See Brown v. MO Delta Med. Ctr.*, 293 S.W.3d 28, 29 (Mo.App.2009).[1]

Brown filed a second wrongful death petition in 2009, which the trial court dismissed as time-barred for two reasons:

1. The trial court deemed Brown's claims subject to the two-year limitations period for medical malpractice, under which even his first case would have been untimely. *See* § 516.105.[2]

2. Whether the initial filing was timely or not, Brown failed to file his second case within the one-year savings period following his voluntary dismissal. *See* § 537.100; *Rickner v. Golfinopoulos*, 271 S.W.3d 32, 34 (Mo.App.2008).

Brown's *pro se* appeal challenges these findings, which we review *de novo*. *Rickner*, 271 S.W.3d at 34.

**Analysis**

Brown is correct that his limitations period was three years, not two. As we noted in *Denton v. Soonattrukal*, 149 S.W.3d 517, 519 n. 4 (Mo.App.2004):

Section 516.105 provides for a two year statute of limitations in medical malpractice cases. Section 537.100 provides for a three year statute of limitations in wrongful death cases. "Where a wrongful death action is brought on the basis of alleged medical malpractice, the longer, three year statute of limitations applies." *Wilson v. Jackson*, 823 S.W.2d 512, 513 (Mo.App.1992).

The alternate basis for dismissal, however, was correct. Any wrongful death action accrued in 2003 when Brown's son died. *Sennett v. Nat'l Healthcare Corp.*, 272 S.W.3d 237, 244–45 (Mo.App. 2008). Brown filed his second suit in 2009, two years after dismissing his first case, and thus missed both the three-year statute and its one-year savings period. § 537.100.

Brown admits that his motion for reconsideration in the first case was "not titled a petition or suit," but asks us "[i]n fundamental fairness" to treat it as a new action filed within the savings period. We decline to do so for various legal and practical reasons, which are not limited to Brown's failure to cite supporting authority[3] or to provide relevant documents from

---

1. We held in *Brown* that the trial court's July 20, 2007 order granting Medical Center's motion to dismiss, Brown's February 2008 motion to reconsider that order and prior trial court rulings, the trial court's denial of said motion, and all other actions in Brown's first case, following his voluntary dismissal, were nullities.

2. Statutory citations are to Missouri Revised Statutes as amended through 2005. Rule references are to Missouri Court Rules (2010).

3. Although he did not raise the issue, we considered whether Brown's prior appeal tolled the savings period, but concluded otherwise. *See State ex rel. Mahn v. J.H. Berra*

his first case.[4] The law favors statutes of limitation; the application of exceptions is strictly construed. *Mahn,* 255 S.W.3d at 547.

### Conclusion

The case was time-barred because Brown did not file it within one year of his prior dismissal or three years after his son's death. § 537.100. We affirm the judgment of dismissal.

RAHMEYER, P.J., and FRANCIS, J., concur.

*Const. Co.,* 255 S.W.3d 543, 547 (Mo.App. 2008).

4. Brown's duty as appellant was to submit "all of the record, proceedings and evidence necessary to the determination of all ques-tions to be presented." Rule 81.12(a). He has not filed, for example, his motion for reconsideration in the first case; what we know of it is gleaned solely from the reported opinion in *Brown.*