Nancy Steffen Rahmeyer, P.J.
June Anteski ("Daughter") filed a petition in the probate division seeking to be appointed guardian and conservator for her father, Ronald W. Gurgel ("Father"). The probate court appointed an attorney to represent Father. Father's wife filed a counter petition seeking to be appointed guardian and conservator for Father. The day before a trial was scheduled to begin, Daughter, through her attorney, filed a document signed by all attorneys of record that stated the parties dismissed all claims and counter-claims without prejudice. The next day, June 30, 2017, the probate court entered an order dismissing all petitions *137 filed in the case. The court ordered the payment of costs in the amount of $1,118.73, on August 22, 2017, against Daughter.
Daughter appeals the award of costs, which included attorney fees, in three points. In her first point, Daughter asserts that the probate court erred in awarding attorney fees to Father's court-appointed attorney after the parties had entered into a joint dismissal because the court lost jurisdiction. Daughter's second point asserts error in awarding attorney fees under section 475.085[1] as there was no finding of competency nor incompetency because the case was dismissed before an adjudication. Her third point claims error in awarding attorney fees that are nondischargeable in bankruptcy without any basis to do so under the U.S. Bankruptcy Code. We deny all three points.[2]
Facts and Procedural Background
On April 5, 2017, Daughter filed a petition in the probate division of the circuit court of Wright County seeking to be appointed guardian and conservator for Father.[3] On that date, Daughter's attorney also filed a motion and proposed order for the appointment of a guardian ad litem. Neither the motion nor the proposed order is included in the record provided to us; there is no indication in the record that the probate court acted on Daughter's motion and proposed order.
On April 6, 2017, the probate court entered an order appointing an attorney for Father.[4] It appears this order was entered pursuant to section 475.075.3, which requires:
Upon the filing of a petition under the provisions of subsection 1 of this section ... the court shall immediately appoint an attorney to represent the respondent in the proceeding. The attorney shall visit his client prior to the hearing.... The court shall allow a reasonable attorney's fee for the services rendered, to be taxed as costs of the proceeding.
On April 13, 2017, the appointed attorney entered an appearance on behalf of Father, and filed an answer and a motion for a protective order. The probate court entered a protective order on April 14, 2017. On April 20, 2017, Father's wife filed a counter-petition seeking to be appointed guardian and conservator for Father.
The cause was set for trial on June 30, 2017. On June 29, 2017, Daughter, through her attorney, filed a:
Joint Dismissal Without Prejudice
COMES NOW, Petitioner, Counter-Petitioner and Guardian ad Litem, by and through their respective counsel, and jointly dismiss all claims and counter-claims currently pending in the above-referenced matter without prejudice.
The joint dismissal was signed by all attorneys of record. At the same time, Daughter's attorney filed a motion to withdraw. That motion was never ruled on.[5]
*138 On June 30, 2017, the probate court entered a docket Order stating: "Judgment of dismissal entered as to all Petitions filed in this case. Respondent's attorney fees will be assessed to Petitioner June Anteski. Atty. Faust to submit invoice to the Court. Lynette Veenstra, Judge[.]"
Seven weeks later, on August 18, 2017, Father's court-appointed attorney filed a request for the fees set forth in an invoice attached to the request. The request for fees was served on Daughter's trial attorney. On August 22, 2017, the probate court entered a Judgment awarding Father's court-appointed attorney the requested fees in the amount of $1,118.73 against Daughter. The judgment also stated "[t]hese fees are not subject to discharge in bankruptcy." The probate court sent a copy of the judgment to Daughter on August 28, 2017.
On August 31, 2017, Daughter filed a motion to set aside the judgment for Father's attorney fees, and, that same day, the probate court entered a docket order, which stated:
Motion to Set Aside Judgment for Respondent's Attorney fees reviewed. This case was initiated by June Gurgel-Anteski on April 5, 2017, and a dismissal was filed by June Gurgel-Anteski on June 29, 2017. The court entered a judgment of dismissal on June 30, 2017. At the time of the dismissal the Court made an order that Atty. Faust's attorney fees would be ordered paid by June Anteski, (the person filing the petition, pursuant to Section 475.085 RSMo)[.] The Court reviewed the Invoice submitted by Atty. Faust and found the fees to be reasonable and approved the fees. Therefore, the Motion to Set Aside Judgment for Guardian ad Litem is hereby overruled. Clerk to notify June Anteski. Lynette Veenstra, Judge[.]
Daughter appeals from the probate court's denial of her motion to set aside the judgment.
Analysis
Point I-Claim that Probate Court Lost Jurisdiction Following Joint Dismissal
In her first point, Daughter asserts that the probate court erred in awarding attorney fees to Father's court-appointed attorney after the parties had entered into a joint dismissal because the court lost jurisdiction, the order was entered after more than 30 days had lapsed, and she was denied due process.
Rule 67.02(a) and (b)[6] provide:
*139 (a) Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime:
(1) Prior to the swearing of the jury panel for the voir dire examination, or
(2) In cases tried without a jury, prior to the introduction of evidence at the trial.
A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only:
(1) Upon filing a stipulation to that effect signed by the opposing party, or
(2) On order of the court made on motion in which the ground for dismissal shall be set forth.
(b) Except as provided in Rule 67.02(a), an action shall not be dismissed at the plaintiff's instance except upon order of the court upon such terms and conditions as the court deems proper.
Under Rule 67.02(a), a plaintiff's voluntary dismissal of a civil action without an order of the court:
is effective on the date [the dismissal] is filed with the court." [State ex rel.] Fortner [v. Rolf] , 183 S.W.3d [249,] 251 [ (Mo. App. 2005) ] (citing Grady v. Amrep, Inc. , 139 S.W.3d 585, 590 (Mo.App. 2004) ). Moreover, once a case has been dismissed under Rule 67.02, "it is as if the suit were never brought." Givens v. Warren , 905 S.W.2d 130, 132 (Mo.App. 1995). Consequently, a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action. Kirby v. Gaub , 75 S.W.3d 916, 917 (Mo.App. 2002). No appeal can be taken from the dismissal. State ex rel. Moore v. Sharp , 151 S.W.3d 104, 107 (Mo.App. 2004). "The circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity." State ex rel. Rosen v. Smith , 241 S.W.3d 431, 433 (Mo.App. 2007).[ ]
State ex rel. Frets v. Moore , 291 S.W.3d 805, 812 (Mo.App. S.D. 2009) (footnote omitted).
The General Assembly can and has mandated exceptions to the general rule that the trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action:
Upon the plaintiff dismissing his suit, ... the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law.
Section 514.170, RSMo 1994. Further, a statutory exception for the award of attorney fees, in the case of the request for appointment of a guardian or conservator, specifically states: "The court shall allow a reasonable attorney's fee for the services rendered, to be taxed as costs of the proceeding."[7] Section 475.075.3.
Here, the court assessed the attorney fees as costs as allowed under sections 475.075.3 and 514.170. Although there is a dearth of cases regarding the time frame for awarding costs with a statutory exception *140 to the general rule, we have previously been faced with a consideration of whether guardian ad litem fees may be assessed after thirty days of the dismissal of the action. See In the Marriage of Roberts , 989 S.W.2d 272, 276 (Mo.App. S.D. 1999) (finding guardian ad litem fee that required judicial investigation and determination could be awarded more than three months following a voluntary dismissal of a modification proceeding under a chapter 452 statute that authorized the fee to be taxed as costs). We will follow our earlier precedent and deny Point I.[8]
Point II-Claim That Attorney Fees Were Not Authorized Under Section 475.085
In its denial of the motion to set aside the judgment for attorney fees, the court referenced section 475.085 as the authority for the award of attorney fees as costs. By its terms, section 475.085 did not apply to the guardianship and conservatorship proceeding in this case because the probate court found neither that Father was incapacitated or disabled nor that Father was not incapacitated or disabled. Therefore, Daughter is correct that section 475.085 did not apply to the award of attorney fees; however, as explained above in our analysis of Daughter's first point, the probate court was required, under sections 475.075.3 and 514.170, to award a "reasonable attorney's fee" to Father's court-appointed attorney "to be taxed as costs of the proceeding." We treat the citation of section 475.085 as a scrivener's error. Point II is denied.
Point III-Claim that Nondischargeability Language in Judgment Is Unauthorized
We are not aware of any authority that permitted the probate court to direct in its August 22, 2017 judgment that any fees are not subject to discharge in bankruptcy. Despite that, we believe it is premature for us to make any ruling on this issue. The dischargeability of the fees in bankruptcy is not before us. Point III is denied.
We affirm the judgment.
Daniel E. Scott, J.-Concurs
William W. Francis, Jr., J.-Concurs

All references to statutes are to RSMo 2016.

No other party filed a brief in this appeal. There is no penalty for this failure, but it deprives us of the benefit of any argument other parties might have made.

The petition is not included in the record provided to us so we do not know the specific allegations and requests included in the petition.

This order is also not included in the record before us.

The docket sheet reflects that on June 30, 2017, a letter to the probate court and an answer to motion to withdraw, request for a continuance, or motion to dismiss without prejudice were also filed by Daughter, pro se. The docket sheet does not indicate any action on these motions. Presumably, these motions were prepared prior to the dismissal.

All references to rules are to Missouri Court Rules (2017). Although we were unable to find a judicial decision that discusses whether a proceeding to appoint a guardian and conservator for an adult under chapter 475 is an adversary probate proceeding under sections 472.140.2 and 472.141, we believe a proceeding to appoint a guardian and conservator is an adversary probate proceeding. As relevant in this case, section 475.075.2 requires that the respondent (i.e., the person sought to be protected) and other interested persons be served with notice of hearing. Section 475.020 generally makes Chapter 472 applicable to guardianships and conservatorships. And, with exceptions not relevant here, section 472.140.2 defines an "adversary probate proceeding" as "any proceeding brought pursuant to any provision of chapter[ ] ... 475 which requires, as a condition precedent to an entry of an order or judgment on the merits, notice of hearing to persons interested in the proceeding...." In turn, section 472.141.1 makes the rules of civil procedure except for Rule 55 applicable to adversary probate proceedings subject to statutory provisions prescribing practice, procedure or pleading, applicable to the pending proceeding. The probate court can make all or specific provisions of Rule 55 applicable to a particular adversary probate proceeding by order. Section 472.141.1(2); see also 5A Missouri Practice, Probate Law & Practice § 516 (3rd ed. 2017). There is no indication in the record before us that the probate court ordered all or any specific provision of Rule 55 to apply in this case. As a result, the rules of civil procedure apply in this case except for Rule 55.

A court order was required in this case to effect the parties' joint dismissal of the guardianship and conservatorship proceeding without prejudice. In guardianship proceedings, the petition cannot be dismissed by petitioner except by consent of the probate court acting in its discretion for the best interests of the public and individual whose competency is questioned. In re Forbeck , 310 S.W.3d 740, 746 n.3 (Mo.App. E.D. 2010).

Daughter also claims in her argument that she did not receive notice of the court-appointed attorney's motion for fees filed August 18, 2017 or an opportunity to be heard in opposition to the motion. Daughter's point adds "and she was denied due process" to her claim concerning the loss of jurisdiction. Daughter's attempt to broaden her point by including a broad claim in her argument of lack of due process in an entirely unrelated area preserves nothing for appeal.