

# Missouri Court of Appeals

## Southern District

### Division Two

BELL MANAGEMENT, INC.,               )
                                     )
    Plaintiff-Respondent,        )
                                     )
vs.                                  )
                                     )   No. SD35680
THERESA M. BARBERO,                  )
                                     )   **Filed: January 8, 2019**
    Defendant-Appellant.         )

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

#### Honorable Elizabeth V. Rohrs

**APPEAL DISMISSED**

Bell Management, Inc. ("Bell") filed a petition for unlawful detainer against Theresa M. Barbero ("Barbero") in August 2017. Bell voluntarily dismissed its petition without prejudice in September 2017. Barbero attempts to appeal.[1]

Rule 67.02(a) permits a plaintiff to dismiss a civil action without order of the court when that dismissal is filed prior to the introduction of evidence at trial in a court-tried case or prior to the swearing of the jury panel for voir dire in a jury-tried case.

---

[1] This Court is left to guess as to what trial court ruling or action Barbero challenges and what relief she seeks because her brief includes no jurisdictional statement, points relied on, or conclusion. *See* Rule 84.04(a). We recognize that Barbero appears *pro se* before this Court, just as she did before the trial court. But *pro se* parties "are bound by the same rules of procedure as parties represented by lawyers, and are not entitled to indulgences they would not have received if represented by counsel." ***Belisle v. City of Senath***, 974 S.W.2d 600, 601 (Mo. App. S.D. 1998). However, as there is no final judgment from which Barbero may appeal, we dismiss on that basis. All rule references are to Missouri Court Rules (2018).

Under Rule 67.02(a), a plaintiff's voluntary dismissal of a civil action without an order of the court:

> is effective on the date the dismissal is filed with the court. Moreover, once a case has been dismissed under Rule 67.02, it is as if the suit were never brought. Consequently, a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action. No appeal can be taken from the dismissal. The circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity.

*Matter of Gurgel*, 543 S.W.3d 135, 139 (Mo. App. S.D. 2018) (internal citations, quotations, and brackets omitted).

Applying these principles to the instant case, once Bell's voluntary dismissal was filed, it was immediately effective without any action by the trial court. From that point forward, it was "as though the suit had never been brought." *Richman v. Coughlin*, 75 S.W.3d 334, 338 (Mo. App. W.D. 2002) (internal citation omitted). No further steps could be taken, and any steps attempted in the dismissed suit were a nullity. *Id.*; *Brown v. MO Delta Med. Ctr.*, 293 S.W.3d 28, 31 (Mo. App. S.D. 2009). Accordingly, after Bell voluntarily dismissed the action, there remained nothing to appeal. *State ex rel. Frets v. Moore*, 291 S.W.3d 805, 812 (Mo. App. S.D. 2009).[2]

Because there is no final judgment from which Barbero may appeal, the appeal is dismissed.[3]

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DANIEL E. SCOTT, J. – CONCURS

---

[2] After Bell voluntarily dismissed its petition, Barbero continued to file multiple motions before the trial court. Those motions had no legal effect and any trial court action attempted in the dismissed case was a nullity.

[3] "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists. Other than statutorily recognized exceptions not applicable to the present case, section 512.020 requires that there be a 'final judgment' as a prerequisite to appellate review." *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011) (internal citations omitted).