Heather FULLER, Appellant,

v.

Dr. James LYNCH, et al., Respondents.

No. WD 49820.

Missouri Court of Appeals, Western District.

May 2, 1995.

J.C. Hambrick, Jr., Kansas City, for appellant.

David A. Oliver, Oliver, Walker, Carlton & Wilson, Columbia, for respondent-Michael Ditmore, M.D.

Raymond C. Lewis, John L. Roark, Smith, Lewis, Beckett, Powell & Roark, Columbia, for respondents-Dennis L. Abernathie, M.D. and Columbia Orthopaedic Group, Inc.

Timothy J. Phillips, Don V. Kelly, St. Louis, for respondent Lifemark Hospitals of Mo., Inc.

Hamp Ford, Susan Ford Robertson, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for respondent-James Lynch, M.D.

Before KENNEDY P.J., and LOWENSTEIN and HANNA, JJ.

LOWENSTEIN, Judge.

Plaintiffs (Fullers) in this medical malpractice action appeal from the Circuit Court's dismissal of their claims based on all Defendants' motions to dismiss for expiration of the time allowed under the one year savings statute. Pertinent facts are as follows:

Fullers filed an action of medical negligence which alleged that all Defendants: several doctors; a hospital; and an orthopaedic clinic negligently treated their daughter Heather Fuller by first failing to diagnose a tumor, and then attempting to remove the tumor, leaving Heather paralyzed.

On February 7, 1991, Fullers voluntarily dismissed their claims against all Defendants. On February 14, 1991, the court docketed the order of voluntary dismissal without prejudice and assessed costs. On February 13, 1992, the case against all Defendants was re-filed by Fullers pursuant to the one-year savings statute.

The savings statute, § 516.230 RSMo (1994), allows a plaintiff to refile his action within one (1) year of the date of his voluntary dismissal. The Circuit court ordered dismissal as to Defendants Dr. James Lynch (Lynch), Life Mark Hospitals (hospital), Dr. Q. Michael Ditmore (Ditmore), Dr. Dennis Abernathie (Abernathie) and Columbia Orthopaedic Group, Inc. (Orthopaedic), which are all of the named defendants in this case. In sustaining all motions to dismiss, the trial court held the Fullers failed to timely refile by February 7, 1992, a year from the date of the filing of the voluntary dismissal.

Subsequent to this dismissal, Fullers settled their claim against hospital only, so hospital is no longer a participant in this appeal.

Fullers appeal, claiming the actual date of voluntary dismissal was February 14, 1991, the date of the court's docket entry and the time the court assessed taxes to them. Therefore, Fullers claim, the re-filing on February 13, 1992 was within the year allowed under the savings statute.

## I.

The only issue in this appeal is whether Fullers timely refiled their action against all Defendants after their previous voluntary dismissal. More specifically, it is whether the one-year period of the savings statute started to run on February 7, 1991, when Fullers filed their voluntary dismissal, or whether it started one week later when the court made a docket entry acknowledging Fullers' voluntary dismissal.

Rule 67.02, governing voluntary dismissals, reads in pertinent part, as follows:

(a) ... a civil action may be dismissed by the plaintiff **without order of the court** anytime prior to the introduction of evidence at the trial. (emphasis added)

(c) A voluntary dismissal under Rule 67.02(a) shall be without prejudice unless otherwise specified by the plaintiff.

In interpreting the language of the statute, Missouri courts have unanimously held that the effective date of a voluntary dismissal under Rule 67.01(a), is the date such dismissal is **filed**, since it may be filed **without order of the court**. Furthermore, any orders entered by the court after such filing by plaintiff are nullities. *State ex rel Fisher v. McKenzie*, 754 S.W.2d 557, 560 (Mo. banc 1988); *Garrison v. Jones*, 557 S.W.2d 247,

249 (Mo. banc 1977); *Samland v. J. White Transp. Co.,* 675 S.W.2d 92, 96 (Mo.App. 1984); *Emigh Eng'g Co. v. Rickhoff,* 605 S.W.2d 173, 174 (Mo.App.1980).

In *Emigh,* plaintiffs dismissed their cause of action without prejudice. The following day the court entered an order granting plaintiff leave to withdraw his dismissal and reinstated the case on the trial docket. The Court of Appeals asked whether the trial court could, by order, set aside the voluntary dismissal. It ruled that a dismissal such as the one filed by the plaintiff was not a judgment of the court. Once the case was dismissed there was nothing before the court, the court was powerless as to the extinguished cause of action. *Emigh,* 605 S.W.2d at 174; citing *Garrison,* 557 S.W.2d at 249–250.

Similarly, in *Samland,* this Court held a trial court loses all jurisdiction to act with respect to a case once a voluntary dismissal is filed. *Samland,* 675 S.W.2d at 96. In that case, the parties filed a stipulation of dismissal on August 4, 1982, choosing instead to settle out of court. Then, on January 3, 1983, one of the parties filed a motion to set aside the settlement, alleging fraud in the procurement of his signature. The trial court refused to rule on the motion, and the Court of Appeals affirmed, because the court lost jurisdiction to act immediately upon the filing of the voluntary dismissal. *Id.* at 97.

*Samland, Emigh,* and *Garrison, supra,* rule the case at bar. The effective date of a voluntary dismissal is the date it is filed, and any order entered after the date of dismissal purporting to state another effective date for the dismissal is a nullity. Fullers' dismissal was effective the day it was filed, February 7, 1991, and the trial court's docket entry on February 14, 1991, acknowledging the dismissal was a nullity. Therefore, the period of the savings statute expired on February 7, 1992. Because Fullers' refiled the action February 13, 1992, six days after the year grace period had expired, the trial court correctly dismissed Fullers' action against all Defendants.

The point is denied.

Judgment affirmed.

All concur.