Gary F. THORNTON, Plaintiff/Appellant,

v.

DEACONESS MEDICAL CENTER–
WEST CAMPUS, et al., Defen-
dants/Respondents.

No. 69004.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 23, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 28, 1996.

Application to Transfer Denied
Oct. 22, 1996.

William Thomas Quick, Clayton, for appellant.

Dwight Vermette, Coffelt & Coffelt, St. Louis, for Deaconess Medical Center–West Campus.

Kathi Lynne Chestnut, Evans & Dixon, St. Louis, for Kent Campbell, D.O.

Jan E. Dodd, St. Louis, for Baxter Healthcare Corp.

GARY M. GAERTNER, Judge.

Appellant, Gary F. Thornton ("husband"), appeals the judgment of the Circuit Court of the County of St. Louis dismissing his petition against respondents, Deaconess Medical Center–West Campus, Baxter Healthcare Corporation, and Dr. Kent A. Campbell (collectively "defendants"). We reverse and remand for further proceedings.

This suit arises out of husband's wrongful death action following his wife's suicide on February 11, 1988, after she was discharged from defendants' care. Before the trial began, in late August of 1993, husband allegedly filed a voluntary dismissal of the action. The memorandum read:

Comes now Plaintiff, Gary F. Thornton, and voluntarily dismisses the within cause of action, without prejudice. Each party to bear his respective costs incurred herein.

Husband's attorney left the memorandum in the trial judge's chambers[1] and sent copies along with certificates of service to defendants. Defendants' copies were not stamped by the court.[2] The purported dismissal was never reflected in the court's minutes, nor was the original memorandum placed in the court's file.[3]

The trial court's minute entries indicate notices setting the cause for trial were mailed to all counsel of record in January 1994, followed by letters requesting the parties stipulate to dismissal mailed to counsel on March 18. On April 11, 1994, after the parties failed to respond to either notice, the court dismissed the action on its own motion for failure to prosecute.

On April 11, 1995, husband refiled the wrongful death action against defendants. Defendants filed motions to dismiss, asserting husband failed to file the action within the one year allowed by the savings statute,[4] as husband had voluntarily dismissed the previous action on August 24, 1993. During a hearing on the motions, husband's attorney admitted he sent copies of the memorandum to defendants and left the original with the court. On June 21, 1995, the court ruled husband's petition was untimely as it was

filed almost twenty months after husband had voluntarily dismissed the prior action. This appeal follows.

On appeal, husband argues the voluntary dismissal was void and without effect because it assessed costs against each respective party in violation of RSMo 514.170.[5] Defendants respond the language purporting to assess costs was meaningless surplusage, and husband's voluntary dismissal was effective as soon as he delivered it to the judge's clerk. While the effect of language purporting to assess costs contained in a memorandum of voluntary dismissal is an interesting issue, we need not reach that question based on the facts and record before us.[6]

It is well-established that a court speaks only through its records. *State ex rel. Nassau v. Kohn*, 731 S.W.2d 840, 843 (Mo.banc 1987). "Oral comments may be considered for the purpose of explaining or supporting a record entry, *but they cannot be used as a substitute for or to dispute it.*" *Bonadonna v. Bonadonna*, 322 S.W.2d 925, 927 (Mo.1959)(emphasis ours). We, as a reviewing court, must make our determination not on the facts alleged to have happened, but on the facts shown by the record. *Kohn*, 731 S.W.2d at 843.

A voluntary dismissal is effective as of the date it is filed. Rule 67.01; *Fuller v. Lynch*, 896 S.W.2d 764, 765 (Mo.App. W.D. 1995). Rule 43.01(h) defines when a paper is deemed filed with the trial court. "The filing ... shall be made by filing [the document] with the clerk of the court except that a judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk." *Id.*

---

1. Husband avers he delivered the memorandum to Judge Harry Stussie's clerk in Division Two.

2. Defendants filed a copy of the purported voluntary dismissal with their motions to dismiss the instant action, a copy of which is contained in this Court's legal file. The document is dated August 24, 1993, but bears no court stamp reflecting the date it was filed nor a judge's signature at the signature block. The document lacks any evidence it was ever before the trial court.

3. Husband claims the trial court would not "accept" the memorandum at the time because it

attempted to assess each party's costs against the party, in violation of RSMo § 514.170 (1994).

4. RSMo § 516.230 (1994).

5. The statute provides the clerk of the court shall assess costs against the plaintiff who voluntarily dismisses his or her cause of action.

6. We herein deny defendants' requests to dismiss husband's appeal as filed out of time.

■ Here, defendants argue and plaintiff admitted he attempted to file a voluntary dismissal in late August of 1993. However, no evidence of the alleged filing was contained in the court's record, nor did the original memorandum stamped by the court appear in the court file. There was no notation by the judge permitting the filing, and no transmission was made to the clerk's office. We cannot accept the parties' statements that a valid dismissal was filed as a substitute for such an entry in the court's records. We believe that to allow parties to take action in a case without notifying the court of such action or without ensuring it is noted in the record would ultimately impede the orderly administration of court processes. The rules of procedure are created to avoid dilemmas like the one before us now.

■ Furthermore, defendants' arguments must fail because the parties challenge and attempt to alter the record of the previous action in a proceeding on a new and completely separate suit. This constitutes a collateral attack on the prior proceeding and judgment, which cannot be maintained. *See Vilsick v. Fibreboard Corp.,* 861 S.W.2d 659, 663 (Mo.App. E.D.1993) (finding plaintiff's attack on prior dismissal of suit during plaintiff's subsequent refiling of action constituted a collateral attack on first judgment of dismissal). Here, the record shows counsel for both sides were informed of the case's active status in January and again in March of 1994. Defendants could have instituted a proceeding at either time to amend or correct the court's records to reflect husband's voluntary nonsuit or to obtain a writ of prohibition preventing the court from taking any action in the case.[7] *See id.; Rahhal v. Mossie,* 577 S.W.2d 143, 145 (Mo.App. W.D.1979); *see also State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557, 558 (Mo.banc 1988) (relators entitled to writ of prohibition where respondent-trial court overruled voluntary dismissal). The parties remained silent, however, and waited to challenge the original court's

ruling in a subsequent and separate action, thus collaterally attacking the prior judgment.

Therefore, we find, based on the entries in the court's record, husband refiled his cause of action within the savings period, filing it within one year of the trial court's April 11, 1994, dismissal for failure to prosecute.

Based on the foregoing, the judgment of the trial court is reversed and remanded for further proceedings.

GERALD M. SMITH, P.J., concurs in concurring opinion.

RHODES RUSSELL, J., concurs.

GERALD M. SMITH, Presiding Judge, concurring.

This appeal reaches us on the trial court's action in sustaining defendants' motions to dismiss. The plaintiff's petition states that the prior action "having been nonsuited on April 11, 1994; this action is filed pursuant to the provisions of § 516.230, RSMo." On the face of the petition there is no violation of the statute of limitations. The motions to dismiss were not treated as motions for summary judgment. We need go no further in reversing this case than recognizing that the petition *on its face* is not subject to dismissal. To that limited extent I concur in the result.

---

7. We further note the court's correspondence to all the parties setting the cause for trial and seeking a stipulation to dismissal is inconsistent with defendants' assertion the case was dismissed some five months earlier. The court's issuances served a purpose, and the parties must expect that is what the court intended in sending the notices. *See John L. Thuston & Assoc. v. F.D.I.C.,* 869 S.W.2d 105, 108 (Mo.App. W.D. 1993).