P. R., Plaintiff/Appellant,

v.

R. S., Defendant/Respondent.

No. 71104.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 8, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 26, 1997.

Douglas A. Forsyth, Clayton, for plaintiff/appellant.

W. Dudley McCarter, Clayton, for defendant/respondent.

CRANDALL, Judge.

Plaintiff, P.R., appeals from the trial court's dismissal with prejudice of her action for damages against defendant, R.S., as a sanction for failing to comply with a prior court order that she give a deposition and pay $5,000.00 to defendant before a designated date. We reverse.

On April 12, 1995, plaintiff brought an action against defendant. In her petition she alleged that defendant committed certain acts of sexual abuse against her when she was between the ages of 9 and 12 and as a result she has suffered mental injury and incurred expenses for medical and psychological treatment and will do so in the future. She sought actual and punitive damages from defendant.

Plaintiff's deposition was set for March 29, 1996. By agreement of the parties, the deposition was rescheduled for April 16, 1996. Plaintiff did not appear, alleging her mental state rendered her incapable of giving a deposition. Defendant filed his third motion for sanctions under Rule 61.01. On April 26, 1996, the trial court sustained defendant's motion; and ordered plaintiff to appear for a deposition within 30 days and to pay defendant the sum of $5,000.00; and if she failed to comply with that order, her petition would be dismissed with prejudice.

Plaintiff did not comply with the order. On May 23, 1996, defendant filed a motion to dismiss plaintiff's action with prejudice on the basis that plaintiff neither made herself available for deposition nor paid the $5,000.00. On May 29, 1996, plaintiff filed a motion to voluntarily dismiss her action without prejudice pursuant to Rule 67.02(a). On that same day, the trial court overruled plaintiff's motion to dismiss without prejudice, sustained defendant's motion to dismiss, and dismissed plaintiff's cause of action with prejudice.

Plaintiff's sole point on appeal is the trial court erred in dismissing her action with prejudice. She argues that pursuant to Rule 67.02(a) she was entitled to dismiss her action without order of the court.

■ Rule 67.02(a) provides as follows:

[A] civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at the trial. A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party or (2) on order of the court made on motion in which the ground for dismissal shall be set forth.

Once a plaintiff dismisses a case pursuant to Rule 67.02(a), "it is as if the suit were never brought." *Givens v. Warren*, 905 S.W.2d 130, 132 (Mo.App. E.D.1995). The trial court may take no further action as to the dismissed action and any step attempted is a nullity. *Id.* The trial court loses jurisdiction at the time of dismissal and no appeal can be taken from the dismissal. *Liberman v. Liberman*, 844 S.W.2d 79, 80 (Mo.App. E.D. 1992). Under Rule 67.02(a), a later order sustaining the defendant's motion to dismiss with prejudice, even if that motion was under submission prior to the plaintiff's dismissal without prejudice, is a nullity. *Atteberry v. Hannibal Regional Hosp.*, 875 S.W.2d 171, 173 (Mo.App. E.D.1994) (citing the equivalent provision in Rule 67.01, the precursor to Rule 67.02(a) which became effective on January 1, 1994).

■ Here, plaintiff filed her voluntary dismissal without prejudice on May 29, 1996. Because this was plaintiff's first dismissal, no leave or order of court was required. *See Atteberry*, 875 S.W.2d at 173. Although defendant had filed his motion to dismiss plaintiff's cause of action with prejudice on May 23, 1996, the court had not ruled on that motion when plaintiff filed her motion to dismiss without prejudice. Thus, the trial court lost jurisdiction at the time plaintiff filed her motion and its order purporting to dismiss plaintiff's cause of action with prejudice was a nullity.

Defendant contends that the present scenario is similar to the facts of *Luster v. Gastineau*, 916 S.W.2d 842 (Mo.App. S.D. 1996). In that case, the appellate court upheld the dismissal of the plaintiffs' petition with prejudice as a sanction for the plaintiffs' failing to comply with an order regarding discovery. *Id.* at 845. The trial court dismissed the plaintiffs' action despite the fact that the plaintiffs had filed a motion to dismiss without prejudice prior to the dismissal of their action by the trial court. *Id.* at 843.

The *Luster* decision, however, is not controlling. The present case is distinguishable in that the issue presented in *Luster* was whether the dismissal with prejudice was an abuse of the trial court's discretion because it was too severe a sanction for the plaintiffs' failure to comply with the court order regarding discovery. In contrast, the issue in the present case is whether the court had jurisdiction to dismiss plaintiff's cause of action with prejudice after she filed her motion to dismiss without prejudice under Rule 67.02(a). Rule 67.02(a) affords a plaintiff an opportunity to voluntarily dismiss a cause of action once without order of the court. In *Luster*, the abuse of discretion standard was applicable if the dismissal was not the first one sought by the plaintiffs. Because the issue in *Luster* was the discretion of the trial court, we can infer there had been a previous dismissal by the plaintiffs. In addition, this inference is supported by the appellate court's failure to specify that the dismissal sought by the plaintiffs in *Luster* was their first. Nevertheless, to the extent that *Luster* appears to conflict with Rule 67.02(a),

which affords a plaintiff the right to one dismissal without prejudice, we decline to follow it.

Defendant further asserts that the "sanctions imposed on [plaintiff] by the April 26 Order of the trial court are similar to the sanctions that are, under Rule 67.05, not affected by an attempted voluntary dismissal." Rule 67.05 preserves the jurisdiction of the trial court to rule on certain motions for sanctions pending prior to a plaintiff's voluntary dismissal: "No dismissal, voluntary or involuntary, of a party's claim in which a Rule 55.03 motion for sanctions was filed prior to the dismissal shall operate to discontinue such motion for sanctions." Rule 55.03(c) permits sanctions to be imposed upon lawyers, law firms, or parties for violations of Rule 55.03(b) regarding certain misrepresentations to the court.

In the instant action, the only motions for sanctions filed prior to plaintiff's dismissal were based on Rule 61. Rule 67.05 specifically preserves jurisdiction over Rule 55.03 sanction motions, without referring to other types of sanction motions provided for in the rules. The express mention of Rule 55.03 in Rule 67.05 implies the exclusion of other sanction motions. The inference is that motions not based on Rule 55.03 will not survive dismissal. In addition, Rule 55.03(d) specifically excludes discovery motions under Rule 61 from the application of Rule 55.03. Thus, defendant's motion for sanctions with reference to plaintiff's failure to appear for a deposition did not survive plaintiff's voluntary dismissal without prejudice. It is axiomatic that after the dismissal of plaintiff's action there was no need for her to be available for a deposition because there was no case pending before the court.

■ However, that portion of the trial court's order that plaintiff pay $5,000.00 to defendant survives the dismissal without prejudice. When the court imposed the sanction against plaintiff in the amount of $5,000.00, the court placed no contingencies on plaintiff's obligation to pay the money to defendant. The order was not interlocutory

in nature, but became a final judgment when plaintiff dismissed her action. Plaintiff therefore remains obligated to pay the $5,000.00, despite the dismissal of her action without prejudice.

The trial court erred in dismissing plaintiff's cause of action with prejudice after plaintiff filed her motion to dismiss without prejudice because plaintiff's voluntary dismissal under Rule 67.02(a) deprived the trial court of jurisdiction. Plaintiff's point is granted.

The judgment of the trial court is reversed.[1]

AHRENS, C.J., CHARLES B. BLACKMAR, Senior Judge, and CRANDALL, J., concur.

---

1. Defendant's motion to dismiss plaintiff's appeal for failing to comply with Rule 84.04(d) regarding her point relied on as well as his motion for

damages for frivolous appeal pursuant to Rule 84.19 are denied.