**Lana Jean KIRBY and Russell Allen Kirby, Plaintiffs–Appellants,**

v.

**Delores GAUB, Defendant–Respondent.**

No. 24552.

Missouri Court of Appeals,
Southern District,
Division One.

June 12, 2002.

Lawrence E. Ray, St. Robert, for appellants.

Laurel Stevenson, Catherine A. Reade, Franke, Schultz & Mullen, P.C., Springfield, for respondent.

KENNETH W. SHRUM, Presiding Judge.

Lana and Russell Kirby ("Plaintiffs") appeal the trial court's judgment dismissing their personal injury lawsuit. Plaintiffs contend the trial court erred because it incorrectly calculated the time limitations of § 516.230 ("savings statute").[1] We find no error. We affirm.

On August 18, 1998, Plaintiffs filed a personal injury action against Delores Gaub ("Defendant") for an alleged attack by Defendant's dog occurring on August 19, 1993.[2] Plaintiffs voluntarily dismissed their case without prejudice on June 7, 2000. On June 12, 2000, the trial court made a docket entry reciting that the case had been voluntarily dismissed without prejudice. As part of this docket entry, the court taxed costs to Plaintiffs. When Plaintiffs sought to refile their suit against Defendant on June 8, 2001, Defendant responded by filing a motion to dismiss based on the savings statute. Specifically, Defendant urged dismissal because the case was not filed within one year after the voluntary dismissal. The trial court sustained Defendant's motion to dismiss, and this appeal by Plaintiffs followed.

■ Plaintiffs' sole point on appeal maintains the trial court erred in dismissing their suit because the calculation of the one-year time requirement under § 516.230 should begin on the date the trial court entered the order on the docket sheets, i.e., June 12, 2000. Plaintiffs recognize that if the date of filing the voluntary dismissal is used, their action would be time-barred.

■ Rule 67.02 (2001) provides "a civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at the trial." Once a plaintiff files a voluntary dismissal pursuant to this rule, the trial court loses its jurisdiction as there is nothing before the court upon which to act. *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557, 560 (Mo.banc 1988). A voluntary dismissal is effective on the date it is filed with the court. *Thornton v. Deaconess Medical Center-West,* 929 S.W.2d 872, 873[3] (Mo. App.1996). While no court order is required to effectuate the dismissal, the court may enter administrative orders such as those with regard to the assessment of costs. *Garrison v. Jones,* 557 S.W.2d 247, 249 (Mo.banc 1977); *Liberman v. Liberman,* 844 S.W.2d 79, 80[1] (Mo.App.1992). Other actions taken by the trial court after a party files his or her voluntary dismissal are considered nulli-

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

2. Allegedly, Defendant's dog attacked Lana Kirby causing her injury. Presumably, Russell Kirby, as Lana's husband, joined in the suit based on loss of consortium.

ties. *McKenzie*, 754 S.W.2d at 560; *Garrison*, 557 S.W.2d at 250.

■■■ The statute at issue here (§ 516.230) provides that when a plaintiff "suffer[s] a nonsuit," he or she may refile the cause of action "within one year after such nonsuit [is] suffered." A voluntary dismissal without prejudice is a "species of 'nonsuit.'" *In re Estate of Klaas*, 8 S.W.3d 906, 909[8] (Mo.App.2000). The calculation of the one-year time period under the savings statute commences when the voluntary dismissal or nonsuit is effective, i.e., on the date it is filed. *Fuller v. Lynch*, 896 S.W.2d 764, 765–66 (Mo.App. 1995).

■■■ Plaintiffs filed their voluntary dismissal on June 7, 2000, and refiled the case over one year later. The trial court's docket entry of June 12, 2000, was a nullity except to the extent of the administrative act of assessing costs to Plaintiffs. *Garrison*, 557 S.W.2d at 249, 250. We decline Plaintiffs invitation to deviate from the established principles of law recited above. Plaintiffs' attempt to refile the case is time-barred and not saved by § 516.230; consequently, the trial court did not err in dismissing the case.[3] Point denied.

The judgment of the trial court is affirmed.

MONTGOMERY, J., and BARNEY, C.J., concur.

---

**3.** We have not ignored Plaintiffs' cases cited in their brief which involve instances of *involuntary dismissals*. These cases define that a nonsuit is suffered when a court order finally terminates the cause without prejudice. *See Webb v. Mayuga*, 838 S.W.2d 96, 98[1] (Mo. App.1992); *Gray v. Chrysler Corp.*, 715 S.W.2d 282, 286[6] (Mo.App.1986). An involuntary dismissal is not this case. Because different rules govern, the involuntary dismissal cases cited by Plaintiffs are inapposite.