**APPLIED BANK, Plaintiff/Appellant,**

v.

**Theodore WENZLICK, Defendant/Respondent.**

**No. ED 95453.**

Missouri Court of Appeals, Eastern District, Division Two.

April 19, 2011.

Application for Transfer to Supreme Court Denied June 2, 2011.

Application for Transfer Denied Aug. 30, 2011.

---

Richard Milone, Kansas City, MO, For Plaintiff/Appellant.

Theodore M. Wenzlick, St. Peters, MO, Acting pro se.

GEORGE W. DRAPER III, Judge.

Applied Bank (hereinafter, "Bank") brought an action against Theodore Wenzlick (hereinafter, "Wenzlick") for breach of contract related to the usage of a credit card account. Bank voluntarily dismissed its action without prejudice. The trial court then entered its order and judgment dismissing Bank's action with prejudice. Bank brings this one point appeal.

The record reveals Bank commenced its breach of contract action against Wenzlick on December 10, 2009. Discovery commenced, and Bank filed a motion for summary judgment. Bank then filed its first voluntary dismissal, without prejudice, on June 16, 2010. On June 21, 2010, the trial court *sua sponte* set aside Bank's voluntary dismissal without prejudice and ordered the case dismissed with prejudice. Bank filed a notice of appeal with this Court on September 1, 2010. However, the trial court's June 21, 2010 order was not denominated a judgment. Accordingly, this Court issued a show cause order, directing Bank to "file a supplemental legal file containing a copy of a judgment that complies with Rule 74.01(a) or show cause on or before November 9, 2010 why this appeal should not be dismissed for lack of a final, appealable judgment." Bank supplemented the legal file with an amended judgment entered by the trial court of November 1, 2010, thereby complying with Rule 74.01(a).[1]

Bank raises one point on appeal. It claims the trial court erred in setting aside Bank's motion for voluntary dismissal without prejudice because the trial court had no jurisdiction. Bank avers this was its first motion to voluntarily dismiss and it was filed prior to the introduction of evidence at trial. We agree.

In a court tried case, "a civil action may be dismissed by the plaintiff without order of the court anytime . . . prior to the introduction of evidence at the trial." Rule 67.02(a)(2). This voluntary dismissal disposes of the entire case and is effective upon the date it is filed with the court. *Peachtree Apartments v. Pallo*, 317

---

1. Bank's notice of appeal was treated as prematurely filed pursuant to Rule 81.05(b).

S.W.3d 189, 191 (Mo.App. E.D.2010). After a plaintiff voluntarily dismisses an action pursuant to Rule 67.02(a), "it is as if the suit had never been filed." *Richter.v. Union Pacific R. Co.*, 265 S.W.3d 294, 297 (Mo.App. E.D.2008). At this point, the trial court loses jurisdiction over the case. *Pallo*, 317 S.W.3d at 191. "Once the case is dismissed, any further action by the trial court is viewed as a nullity." *Grady v. Amrep, Inc.*, 139 S.W.3d 585, 591 (Mo.App. E.D.2004); *see also Pallo*, 317 S.W.3d at 191; *Brown v. MO Delta Medical Center*, 293 S.W.3d 28, 31 (Mo.App. S.D.2009).

The voluntary dismissal in this case was filed on June 16, 2010. Accordingly, the case was dismissed as of June 16, 2010. There was no need for the trial court to approve the voluntary dismissal motion. Rule 67.02(a). Hence, any orders entered by the trial court after June 16, 2010, are null.

While the trial court lost jurisdiction to enter any orders after June 16, 2010, this Court is not deprived of its jurisdiction to consider this appeal. *In re Estate of Shaw*, 256 S.W.3d 72, 77 (Mo. banc 2008). "Indeed, were it not so, an appellate court would not have the ability to adjudicate whether a judgment is invalid because entered by a trial court when it did not have jurisdiction. The effect would be to leave the invalid judgment intact." *Id.*

In this case, the trial court ostensibly entered judgment when it no longer had jurisdiction to do so. Accordingly, all orders the trial court entered on this case after June 16, 2010, are invalid. This cause is reversed and remanded with directions to the trial court to vacate any orders entered after June 16, 2010.

1. All further statutory references are to RSMo 1990.

GLENN A. NORTON, P.J., and KATHIANNE KNAUP CRANE, J., concur.