**Robert Dennis ZINKE, Appellant,**

v.

**Michael T. ORSKOG, D.C., Respondent.**

**No. WD 76263.**

Missouri Court of Appeals,
Western District.

Dec. 10, 2013.

Application for Transfer to Supreme
Court Denied Jan. 28, 2014.

Application for Transfer Denied
March 25, 2014.

---

John S. Wallach, Clayton, MO, for appellant.

Terri Z. Austenfeld, Overland Park, KS, for respondent.

Before Division Four: JAMES E. WELSH, Chief Judge, Presiding, CYNTHIA L. MARTIN, Judge and JAMES C. THOMPSON, Special Judge.

CYNTHIA L. MARTIN, Judge.

Robert Zinke ("Zinke") appeals from the trial court's judgment dismissing his refiled medical malpractice lawsuit against Michael Orskog ("Orskog"). At issue is whether Zinke refiled the lawsuit before the expiration of the one-year savings statute described in section 516.230.[1] Zinke claims that the trial court erred in calculating the one-year time period from the date Zinke filed a motion to dismiss the initial lawsuit, rather than from the date the trial court entered an order granting the motion to dismiss. We disagree with Zinke and affirm.

1. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

2. Noncorp, Orskog's alleged employer, was also named as a defendant in the First Petition.

## Factual and Procedural History

On March 28, 2011, Zinke filed a medical malpractice petition in Adair County Circuit Court against Orskog[2] alleging negligence arising from actions occurring on or about April 3, 2009 ("First Petition"). Orskog filed an answer and served opening discovery requests on Zinke. Zinke responded to the discovery requests.

On September 2, 2011, Zinke filed a "Motion to Dismiss Without Prejudice," which stated in its entirety:

COMES NOW the Plaintiff Robert Dennis Zinke, by and through counsel, Finley D. Gibbs, and moves this Court [sic] enter its Order of Dismissal Without Prejudice in the above-referenced cause.

WHEREFORE, Plaintiff prays for an order of this Court dismissing the Petition filed by Plaintiff, without prejudice, and taxing court costs against the Plaintiff, and providing for both parties to bear their individual costs incurred, including attorney's fees, and for any other orders as this Court deem [sic] just and proper in the premises.

On September 15, 2011, the trial court made a docket entry stating, "Plaintiff's Motion to Dismiss is sustained."

On September 13, 2012, Zinke filed a second lawsuit (the "Refiled Petition") asserting the same claims against Orskog in Adair County Circuit Court.[3] Zinke was represented by different counsel in connection with the Refiled Petition than had represented Zinke in connection with the First Petition. In the Refiled Petition, Zinke alleged:

3. Noncorp, Orskog's alleged employer, was again named as a defendant in the Refiled Petition. However, the Refiled Petition directed that service be held on Noncorp. Thus, Noncorp was never officially joined as a party, and is not a party to this appeal.

That this cause was previously filed in Adair County, and dismissed by the Court without prejudice on September 15, 2011. The present filing is thus permissible and timely pursuant to RSMo 516.230, the "Savings Statute."

On October 19, 2012, Orskog filed a motion to dismiss the Refiled Petition. Orskog argued that the First Petition was voluntarily dismissed on September 2, 2011, and that the Refiled Petition was not filed within one year of that date as required by section 516.230. Orskog alleged that the Refiled Petition was thus time-barred.

Zinke filed a memorandum in opposition alleging that his voluntary dismissal was not effective until September 15, 2011, when the trial court made a docket entry sustaining his motion to dismiss the First Petition. Zinke thus alleged that the Refiled Petition was not time barred, because it was filed within one year of that date. Without citation to authority, Zinke alleged that there is a distinction between a voluntary dismissal requiring no court action (referred to by Zinke as a "dismissal memorandum") and a motion to dismiss without prejudice which requires an order of trial court to be effective.

 On April 9, 2013, the trial court entered its judgment sustaining Orskog's motion to dismiss the Refiled Petition ("Judgment").[4] The Judgment concluded, in pertinent part, as follows:

4. Supreme Court Rule 67.02 permits a plaintiff to dismiss a civil action without prejudice without order of the court at any time prior to trial. Section 516.230 RSMo, commonly referred to as the "savings statute," provides that, if the plaintiff suffers a "nonsuit," he may re-file his action within one year after the nonsuit. A voluntary dismissal without prejudice is a species of nonsuit. *Kirby v. Gaub*, 75 S.W.3d 916, 918 (Mo.App. S.D.2002). The calculation of the one-year time period under Section 516.230 commences when the voluntary dismissal, or nonsuit, is effective, i.e. on the date it is filed. *Id.* at 917.

5. Plaintiff argues that, since he filed a Motion to Dismiss without Prejudice which included a prayer for an order taxing costs and other unspecified relief, it was not effective as a voluntary dismissal until the Court entered its docket entry order on September 15, 2011 sustaining the Motion. In *P.R. v. R.S.*, 950 S.W.2d 255 (Mo.App. [E.D.] 1997), the plaintiff filed a motion to dismiss without prejudice while there was pending the defendant's motion to dismiss with prejudice. The trial court then sustained the defendant's motion to dismiss with prejudice. The Court of Appeals reversed the trial court's dismissal with prejudice, ruling that the plaintiff's motion to dismiss without prejudice was, in fact, a voluntary dismissal without prejudice pursuant to Rule 67.02, effective upon filing without court order, thus divesting the trial court of authority to enter its subsequent order of dismissal with prejudice and rendering such order a nullity. See also, *Curators of University of Missouri v. St. Charles County*, 985 S.W.2d 810 (Mo.App. [E.D.] 1998). Further, while no court order is required to effectuate the dismissal, the court may, subsequent to the voluntary dismissal, enter administrative orders such as those with regard to the assessment of costs. *Kirby v. Gaub*, 75 S.W.3d at 917.

---

4. The trial court entered an order sustaining Orskog's motion to dismiss on February 14, 2013, but because that order was not denominated a judgment, the order was not final for purposes of appeal.

6. In this case, Plaintiff's Motion to Dismiss without Prejudice was effective as a voluntary dismissal, pursuant to Rule 67.02, immediately upon its filing on September 2, 2011, and no court order was required to effectuate the dismissal. The Court's docket entry of September 15, 2011, was a nullity except to the extent of the administrative act of assessing costs. Since Plaintiff refiled his Petition on September 13, 2012, more than one year after his voluntary dismissal was effective, Defendants' Motion to Dismss should be sustained.

Zinke appeals.

### Standard of Review

■ "Review of a circuit court's order granting a motion to dismiss is *de novo.*" *Gibbons v. J. Nuckolls, Inc.,* 216 S.W.3d 667, 669 (Mo. banc 2007). "In determining the appropriateness of the trial court's dismissal of a petition, an appellate court reviews the grounds raised in the defendant's motion to dismiss." *In re Estate of Austin,* 389 S.W.3d 168, 171 (Mo. banc 2013). "If the motion to dismiss cannot be sustained on any ground alleged in the motion, the trial court's ruling will be reversed." *Id.*

### Analysis

■ For his sole point on appeal, Zinke claims that the trial court erred in granting Orskog's motion to dismiss the Refiled Petition because the one-year time period described in the savings statute should have been calculated from the date the trial court sustained Zinke's motion to dismiss the First Petition, and not from the date the motion to dismiss was filed.

Zinke concedes that the motion to dismiss he filed sought to voluntarily dismiss the First Petition. Zinke also concedes

that the Refiled Petition had to be filed within one year of voluntary dismissal of the First Petition pursuant to the savings statute. Thus, the question framed is what is the effective date of Zinke's voluntary dismissal of the First Petition? Resolution of this question is controlled by Supreme Court Rule 67.02 [5] and its interplay with section 516.230, the savings statute.

■ Section 516.230 provides:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered[.]

A "nonsuit" is "[a] term broadly applied to a variety of terminations of an action which do not adjudicate issues on the merits." BLACK'S LAW DICTIONARY 1058 (6th ed.1990). Thus, where refiling of a lawsuit would otherwise be barred by an applicable statute of limitations, the savings statute allows the lawsuit to be refiled within one year of a "nonsuit." *Molder v. Trammell Crow Servs., Inc.,* 309 S.W.3d 837, 842 (Mo.App.W.D.2010) (holding that a nonsuit "begins the running of the one-year grace period provided in the savings statute, so that a re-filing within one year of the dismissal is within the statute of limitations").

"A dismissal without prejudice is a [form of] nonsuit and permits a party to bring another civil action for the same cause." *Id.* at 841; *see* Rule 67.01 ("A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred."). Rule 67.02 addresses a plaintiff's ability to voluntarily dismiss a case

---

**5.** All references to Missouri Supreme Court Rules refer to rules in effect in January 2011, and thus at the time Zinke filed the motion to dismiss the First Petition, unless otherwise noted.

without prejudice. Rule 67.02(b) provides that *"[e]xcept as provided in Rule 67.02(a),* an action shall not be dismissed at the plaintiff's instance except upon order of the court upon such terms and conditions as the court deems proper." (Emphasis added.) Rule 67.02(c) provides that "voluntary dismissal[s] *under Rule 67.02(a)* shall be without prejudice unless otherwise specified by the plaintiff." (Emphasis added.)

█ Rule 67.02(a) provides:

(a) Except as provided in Rule 52,[6] a civil action may be dismissed by the plaintiff *without order of the court* anytime:

(1) Prior to the swearing of the jury panel for the voir dire examination, or

(2) In cases tried without a jury, prior to the introduction of evidence at the trial.

A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only:

(1) Upon filing a stipulation to that effect signed by the opposing party, or

(2) On order of the court made on motion in which the ground for dismissal shall be set forth.

(Emphasis added.) Thus, under Rule 67.02(a), a plaintiff is permitted one opportunity, without order of the court, to voluntarily dismiss a civil action without prejudice, and as a matter of right. A Rule 67.02(a) " 'voluntary dismissal' constitutes a nonsuit because it allows a plaintiff to

dismiss a civil action without prejudice and 'without order of the court' any time prior to the introduction of evidence at trial." *Rickner v. Golfinopoulos,* 271 S.W.3d 32, 34 (Mo.App.W.D.2008).

It is uncontested that Zinke fell within the parameters of Rule 67.02(a), and had the right to voluntary dismiss the First Petition without prejudice, and without order of the court. Zinke nonetheless argues that Rule 67.02(a) envisions a "dismissal memorandum" or a "unilateral voluntary dismissal,"[7] and not the filing of a motion requesting permission to voluntarily dismiss. Zinke thus argues that a plaintiff can elect to seek an order of voluntary dismissal, even where an order of dismissal is not required pursuant to Rule 67.02(a), by filing a motion to dismiss. In such a case, according to Zinke, the effective date of the dismissal is not the date the motion to dismiss is filed, but is instead the date the motion to dismiss is ruled upon by the court.

█ Zinke cites no authority to support this contention.[8] In contrast, Missouri courts have uniformly concluded that the time for calculating the running of the savings statute commences upon the *filing* of a voluntary dismissal authorized by Rule 67.02(a). *Kirby v. Gaub,* 75 S.W.3d 916, 917 (Mo.App.S.D.2002) (citing *State ex rel. Fisher v. McKenzie,* 754 S.W.2d 557, 560 (Mo. banc 1988) and *Garrison v. Jones,* 557 S.W.2d 247, 249 (Mo. banc 1977)). "The calculation of the one-year time period under the savings statute commences when the voluntary dismissal or

---

**6.** Rule 52 has no application to this case, and need not be further addressed.

**7.** These are terms used by Zinke, without reference to any authority, in his response to Orskog's motion to dismiss filed with the trial court and in his appellate brief. Neither term is used in Rule 67.02.

**8.** Zinke cites *Webb v. Mayuga,* 838 S.W.2d 96, 98 (Mo.App.S.D.1992) and *Molder v. Trammell Crow Servs., Inc.,* 309 S.W.3d 837, 841 (Mo.App.W.D.2010) to argue that a nonsuit occurs only when a trial court enters an order of dismissal. These cases are inapposite as they involve involuntary dismissals which are governed by different rules. *See Kirby,* 75 S.W.3d at 918 n. 3.

nonsuit is effective, i.e., on the date it is filed." *Kirby,* 75 S.W.3d at 918 (citing *Fuller v. Lynch,* 896 S.W.2d 764, 765–66 (Mo.App.W.D.1995)). Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. *Id.*

In *Kirby,* plaintiffs voluntarily dismissed a civil action without prejudice on June 7, 2000. *Id.* Five days later, the trial court made a docket entry reciting that the suit had been voluntarily dismissed without prejudice. *Id.* at 917. Plaintiffs refiled their suit on June 8, 2001, and the defendant filed a motion to dismiss the suit as time-barred. *Id.* The trial court sustained the defendant's motion to dismiss. *Id.* On appeal, the Southern District affirmed, holding that the voluntary dismissal was effective when filed by the plaintiffs, and that the trial court's subsequent docket entry was a nullity except to the extent of the administrative act of assessing costs. *Id.* at 918. The court thus concluded that the refilled case was time-barred and not saved by section 516.230. *Id.*

Similarly, in *Rickner,* the appellant voluntarily dismissed a civil action on April 14, 2006. 271 S.W.3d at 34. This court held that the dismissal was effective on the day the dismissal was filed, triggering the one-year savings statute. *Id.* We reached this conclusion even though the trial court entered an order dismissing the action without prejudice ten days after the voluntary dismissal was filed. *Id.* We found that the trial court's order dismissing the action without prejudice, entered ten days after the dismissal was filed, was a nullity. *Id.* (citing *Fuller,* 896 S.W.2d at 765–66).

In *Fuller,* the plaintiff voluntarily dismissed his first suit on February 7, 1991. 896 S.W.2d at 765. On February 14, 1991, the trial court entered an order of voluntary dismissal without prejudice and assessed costs. *Id.* The plaintiff refiled the action on February 13, 1992. *Id.* The trial court dismissed the refiled action as time barred, and not spared by the savings statute. *Id.* On appeal, this court affirmed, holding that the effective date of a voluntary dismissal under. Rule 67.01 [9] is the date the dismissal is filed, since it may be filed without court order. *Id.* at 766; *see also Emigh Engineering Co., Inc. v. Rickhoff,* 605 S.W.2d 173, 174 (Mo.App.E.D. 1980) (holding that when a plaintiff files a permitted voluntary dismissal, no action is required to make the dismissal effective, and the cause is dismissed forthwith).

Zinke does not contest the results reached in *Kirby, Rickner, Fuller,* or *Emigh.* He attempts to distinguish those cases, however, arguing that their facts do not clearly indicate whether the plaintiff filed a "unilateral dismissal memorandum" or a motion seeking an order of dismissal. Zinke argues that a "voluntary dismissal" is not the same as a plaintiff's motion seeking an order of voluntary dismissal. He thus argues that when a plaintiff files a motion seeking an order of voluntary dismissal under circumstances where the plaintiff is entitled to a voluntary dismissal as a matter of right, the label ascribed to the pleading and the request for an order should control, meaning the effective date of the dismissal would be upon entry of the order and not upon filing of the motion.

We find *Garrison* controlling on this point. 557 S.W.2d 247. In *Garrison,* the plaintiff filed a civil action in October 1974. *Id.* at 248. The defendant filed a motion to dismiss the action. *Id.* While the defendant's motion to dismiss was pending, the

---

9. The parties agree that Rule 67.01 in effect at time of the decision in *Fuller* and until January 1, 1994 was the precursor to the version of Rule 67.02(a) applicable to this case.

plaintiff filed a "Motion by Plaintiff to Dismiss." *Id.* Similar to Zinke's motion to dismiss, the motion filed by the plaintiff in *Garrison* stated:

> The Plaintiff has filed his petition in the above-entitled cause against the Defendant who has filed a motion to dismiss wherein it is alleged that jurisdiction lies in the Probate Court.
>
> WHEREFORE, plaintiff moves that his Petition may stand dismissed without prejudice to the bringing of another action concerning any of the matters involved therein, with costs to be taxed against Plaintiff.

*Id.* The trial court entered an order denying the plaintiff's motion to dismiss and granting the defendant's motion to dismiss. *Id.* at 248–49. On appeal, our Supreme Court reversed and held:

> The function and purpose of the second paragraph of plaintiff's motion to dismiss was to effect the dismissal of the petition without prejudice which plaintiff had the right to do without consent of the court or defendant pursuant to Rule 67.01 [10].... The dismissal by plaintiff prior to the introduction of evidence does not require a court order to be effective. However, it may be that the circuit court would enter such an order as an administrative act in connection with any appropriate orders with respect to assessment of costs.
>
> [Plaintiff] had the right to dismiss the petition without prejudice at the time such was done in this case. That dismissal rendered the subsequent order of the circuit court, which overruled plaintiff's motion to dismiss without prejudice and sustained defendant's motion to dismiss with prejudice, a nullity.

*Id.* at 249–50. The Supreme Court thus held that it is immaterial that a plaintiff's

voluntary dismissal pleading operates to unilaterally dismiss a civil action as a matter of right even if the pleading is labeled as a "motion." The ruling in *Garrison* cannot be distinguished from the circumstances in the case before us.

Other decisions have also treated a motion to voluntarily dismiss as immediately effective to dismiss a case under Rule 67.02. In *McKenzie*, the Supreme Court treated a motion to dismiss as a unilateral voluntary dismissal of a civil action as a matter of right. 754 S.W.2d 557. In *McKenzie*, the plaintiffs filed a motion to dismiss their fourth amended petition. *Id.* at 559. The following day, the defendants filed objections to the motion to dismiss and a request for leave to file a counterclaim. *Id.* Counsel for plaintiffs and defendants were present in court on the same day, and were advised that the trial court intended to hold a hearing on the pending motions. *Id.* Plaintiffs objected and informed the court that no case was pending in light of their dismissal. *Id.* The trial court proceeded to hear the motions anyway, and entered an order eight days later overruling the plaintiffs' motion to dismiss and granting the defendants' motion for leave to file a counterclaim. *Id.*

Plaintiffs filed an application for a preliminary writ of prohibition. *Id.* Plaintiffs argued that the trial court acted without jurisdiction in denying the plaintiffs' dismissal, as dismissal as a matter of right was permitted under Rule 67.01 [11] and was effective immediately on the date of filing. *Id.* The Supreme Court agreed, making its preliminary writ of prohibition absolute. *Id.* at 560. Once again, the Supreme Court treated a voluntary dismissal pleading styled as a "motion" as voluntary dismissal under Rule 67.01, effective as of the date of its filing.[12]

10. See footnote number 9.

11. See footnote number 9.

12. Zinke attempts to distinguish *McKenzie* by arguing that the Supreme Court decided the case based on the lack of notice afforded to

Similarly, in *P.R. v. R.S.*, 950 S.W.2d 255, 256 (Mo.App.E.D.1997), the Eastern District concluded that a plaintiff's motion to dismiss without prejudice was a voluntary dismissal pursuant to Rule 67.02(a), effective as of the date of its filing. In that case, the plaintiff filed a motion to dismiss without prejudice after the defendant filed a motion to dismiss with prejudice. *Id.* The trial court denied the plaintiff's motion and granted the defendant's motion. *Id.* The Eastern District reversed, finding that the plaintiff's motion was effective as a voluntary dismissal upon its filing, and required no leave or order of the court. *Id.* As such, the trial court's order purporting to act on the motion was a nullity. *Id.*

In *Applied Bank v. Wenzlick*, 344 S.W.3d 229, 230 (Mo.App.E.D.2011), the Eastern District again characterized a motion for voluntary dismissal without prejudice as a Rule 67.02(a) voluntary dismissal.[13] The Eastern District concluded that it was unnecessary for the trial court to act on the motion and that the order entered by the trial court purporting to do so was a nullity. *Id.* at 231.

 We thus reject Zinke's argument that the effective date of a Rule 67.02(a) voluntary dismissal is dependent upon the form or language of the pleading filed to secure the dismissal. Zinke agrees that his "motion to dismiss" sought to voluntarily dismiss the First Petition as a matter of right pursuant to Rule 67.02(a). Zinke thus agrees that the trial court had no authority to deny his motion to dismiss. A motion requesting the entry of an order of dismissal that cannot be denied is thus not distinguishable from a unilateral statement of dismissal. Both have legal effect on the day of their filing that cannot be altered by subsequent court order.

Zinke filed his motion to dismiss the First Petition on September 2, 2011. The trial court's docket entry of September 15, 2011, was a nullity except to the extent of the administrative act of assessing costs to Zinke. *Kirby*, 75 S.W.3d at 918. The First Petition was thus nonsuited on September 2, 2011. Zinke's Refiled Petition was filed on September 13, 2012, more than one year later. Zinke's Refiled Petition is time-barred and is not saved by section 516.230. Consequently, the trial court did not err in dismissing the Refiled Petition.

Point One is denied.

## Conclusion

We affirm the trial court's judgment.

All concur.

---

the plaintiffs about the defendant's objections to the plaintiffs' motion to dismiss, and because the case did not involve the savings statute. Neither alleged distinction detracts from the import of the core holding in *McKenzie* that a motion to dismiss operates as a voluntary dismissal, effective on the date it is filed, thus divesting the trial court of any further power to act beyond the entry of administrative orders.

**13.** Zinke cites *Applied Bank* in his brief as an example of a case where the court failed to

clearly identify whether the filing was a motion or some other dismissal pleading. We disagree with Zinke's assessment of the *Applied Bank* opinion and find that it clearly indicates a motion to dismiss was filed by the plaintiff, and that the motion was held to be a Rule 67.02(a) voluntary dismissal. The Eastern District made several references to the plaintiff's "motion" for voluntary dismissal and concluded that pursuant to Rule 67.02(a), trial court approval of the motion was neither permitted nor necessary to effectuate the voluntary dismissal.