ROBERT G. DOWD, JR., Presiding Judge
Arniesha Randall appeals from a judgment that we have determined the trial court was without jurisdiction to enter. Therefore, we must remand.
Universal Credit Acceptance, Inc. filed a petition for breach of contract against Randall after she failed to make payments on her car loan. Randall never answered the petition, and a default judgment was entered on September 1, 2015. Almost a year later, in July of 2016, Randall filed a motion to set that default judgment aside. Therein, she claimed that the default judgment was void for lack of personal jurisdiction based on improper service and should be set aside under Rule 74.06(b)(4). She also alleged she had good cause for defaulting and a meritorious defense to Universal's claim and, therefore, the default judgment also should be set aside under Rule 74.05(d). There were no affidavits or other sworn testimony filed with the motion, and it was not verified.
Shortly thereafter, on August 19, 2016, Universal filed a notice that it was dismissing *728 its claim against Randall with prejudice. Randall argued that Universal should not be allowed to dismiss its petition because the case was already concluded when the default judgment was entered. Universal then filed another notice of dismissal with prejudice. A few days later, on August 29, 2016, the trial court wrote "so ordered" on Randall's motion to set the default judgment aside. Thereafter, Randall filed an answer and counterclaim. Universal filed a motion to reconsider the trial court's order granting the motion to set aside, arguing there was no supporting affidavit or other sworn testimony on which to grant it; Universal also moved to strike Randall's answer and counterclaim. Randall responded by filing a "declaration" stating facts regarding the improper service and good cause for defaulting. Though she states in the declaration that she was "duly sworn," the document is not actually notarized. In January of 2017, Universal filed a third voluntary dismissal with prejudice.
After months of hearings and briefing on Universal's motions to reconsider and strike Randall's pleadings, the court entered an order and judgment on August 1, 2017. Therein, the trial court concluded that it had lost jurisdiction on August 19, 2016 when Universal filed its first notice of voluntary dismissal. The court found that by operation of the voluntary dismissal the default judgment was set aside and, as a result, Universal's motions to reconsider and to strike pleadings were moot. The court ordered Universal's claims dismissed with prejudice and ordered Randall's counterclaims dismissed without prejudice. Randall now appeals from this judgment.
The posture of the parties in this case is unusual. Normally, a plaintiff who obtains a default judgment wants to enforce it, not voluntarily dismiss it, and normally, a defendant does not complain when the claims against her are dismissed, especially with prejudice. In fact, because there are no claims against Randall at this point, Universal argues that she is not an "aggrieved party" and the appeal should be dismissed. Section 512.020 gives the right to appeal to "any party to a suit aggrieved by any judgment of any trial court." A party is aggrieved by a judgment when the judgment will operate directly and prejudicially on the party's personal or property rights or interests with immediate effect or when the judgment has the practical effect of terminating the litigation in the form in which it was cast or in the party's chosen forum. See Tupper v. City of St. Louis , 468 S.W.3d 360, 375 (Mo. banc 2015) ; see also Fitzpatrick v. Hannibal Regional Hospital , 922 S.W.2d 840, 842-43 (Mo. App. E.D. 1996). Whether a party is aggrieved depends upon the circumstances of the particular case, keeping in mind that the right to appeal should be construed liberally and that any doubts should be resolved in favor of that right. Bydalek v. Brines , 29 S.W.3d 848, 852 (Mo. App. S.D. 2000).
Randall argues that the judgment she appeals from here prevents her from asserting her claims against Universal-that it violated applicable statutes regarding her loan-in the form she wants, namely as counterclaims. Because the judgment dismissed Universal's petition, Randall must file those claims as a plaintiff, which she contends would require additional expense, and-unlike counterclaims-be subject to removal to federal court where they would be time-barred under the applicable statute of limitations. We agree that, liberally construed and resolving our doubt in favor of appeal, the practical effect of the actions taken in this case appear to preclude her from asserting her rights against Universal in a form and forum that would be viable and of her choosing. See Fitzpatrick , 922 S.W.2d at 842-43 (plaintiff whose claims were dismissed without prejudice *729 was allowed to appeal because petition was fatally deficient and time-barred and thus refiling was not a viable option). Therefore, we deny Universal's motion to dismiss the appeal and proceed to address the issue on appeal.
The issue on appeal involves the trial court's jurisdiction and whether, when and how it was lost.[1] Randall's position on appeal is that the default judgment terminated the civil action leaving nothing pending for Universal to voluntary dismiss under Rule 67.02. She contends the trial court still had jurisdiction to rule on her motion to set aside that default judgment because that was an independent proceeding. Universal asserts that it had the right to voluntarily dismiss its case under Rule 67.02 at any time before a trial on the merits, and because there was no trial on the merits in this default proceeding, its first voluntary dismissal was timely and immediately effective to deprive the trial court of all jurisdiction including the authority to rule on the motion to set aside. As explained below, we conclude that (1) when the default judgment became final, it terminated the civil action; (2) once terminated, there was no civil action to be voluntarily dismissed, regardless of whether there had or had not yet been evidence introduced at a trial on the merits; (3) though that underlying civil action was terminated, the trial court had jurisdiction over the motion to set the default judgment aside under Rule 74.06 or 74.05 because that was an independent proceeding; (4) if that final default judgment had been effectively set aside upon the granting of that motion, the underlying civil action would have been pending again and the subsequent voluntarily dismissal would have been effective; (5) the grant of that motion was not a "final judgment" and was not effective to set the default judgment aside; and (6) the trial court did not have jurisdiction to dismiss the parties' claims in that underlying action, as it purported to do in the August 2017 judgment.
In cases tried without a jury, "a civil action may be dismissed by the plaintiff without order of the court anytime ... prior to the introduction of evidence at the trial." Rule 67.02(a)(2). The "introduction of evidence at trial" means "evidence adduced at a trial on the merits," and a default proceeding is not a trial. State ex rel. Brooks Erection & Construction Company v. Gaertner , 639 S.W.2d 848, 849 (Mo. App. E.D. 1982). While we agree with Universal that this default proceeding was not a trial on the merits, the default judgment nevertheless had the effect of terminating the civil action-as all judgments do-once it became final. Under Rule 75.01, a trial court retains control over its judgments, including default judgments, for thirty days. See Bureaus Investment Group v. Williams , 310 S.W.3d 297, 300 (Mo. App. E.D. 2010). At the expiration of that thirty-day period, the judgment becomes final and the trial court is divested of jurisdiction over the case. See id. ; see also Spicer v. Donald N. Spicer Revocable Living Trust , 336 S.W.3d 466, 468 (Mo. banc 2011). In other words, at that point, there is nothing pending over which the trial court may exercise its authority and, likewise, no "civil action" to be dismissed *730 by a plaintiff under Rule 67.02. In this case, the default judgment was entered on September 1, 2015 and became final on October 1, 2015. Universal's attempt to voluntarily dismiss on August 19, 2016 and again a week later had no effect because there was no civil action pending at that point to dismiss.
Universal argues that because Randall's motion to set aside the default judgment was still pending at the time it filed these voluntary dismissals, there must have still been a pending civil action. But Randall's motion to set aside, brought under Rule 74.05(d) and Rule 74.06(b)(4), was a collateral challenge to the final default judgment. Even though it is filed in the same case number as the underlying judgment being challenged, a motion to set aside under these rules is in the nature of an independent proceeding. See Rule 74.05(d) (expressly stating that motion to set aside thereunder is "an independent action"); Rule 74.06(c) (expressly stating that motion under Rule 74.06(b) "does not affect the finality of a judgment or suspend its operation"); see also Smith v. Smith , 524 S.W.3d 95, 99 (Mo. App. E.D. 2017). Therefore, although the trial court did not have any jurisdiction after thirty days to set the default judgment aside on its own motion, Randall's motion to set aside triggered the start of an independent proceeding in which the trial court had a basis of jurisdiction to set it aside under Rule 74.06 and Rule 74.05. The filing of the motion to set aside did not, however, trigger the reopening of the civil action that was terminated by the final default judgment nor did it otherwise undo the finality of that judgment. Only the proper granting of a motion to set aside could have the effect of setting that final default judgment aside. Only then would there exist again a pending "civil action" that a plaintiff would have the ability to voluntarily dismiss under Rule 67.02. See Matter of Foreclosure of Liens for Delinquent Land Taxes By Action In Rem Collector of Revenue v. Parcels of Land Encumbered With Delinquent Tax Liens , 504 S.W.3d 880, 883 (Mo. App. E.D. 2016) (voluntary dismissal filed after default judgment set aside, but before introduction of evidence at a trial on the merits, was proper).
Here, the trial court purported to grant Randall's motion to set aside on August 29, 2016 by writing "so ordered" across the motion and noting on the docket sheet that the motion was granted. If that ruling was effective to set aside the default judgment, then Universal's third notice of voluntary dismissal would have been effective to dismiss Universal's claims against Randall. But due to the independent nature of the proceeding, the ruling on a motion to set aside a default judgment must be denominated a "judgment" or "decree" in order to effectively set that default judgment aside. See generally Popular Leasing USA, Inc. v. Universal Art Corporation of New York , 57 S.W.3d 875, 878 (Mo. App. E.D. 2001) ; see also State v. Schauer , 503 S.W.3d 272, 274 (Mo. App. W.D. 2016). Because the trial court's ruling was not so denominated here, it was not effective to the set the default judgment aside. As such, the civil action was still terminated at the time Universal's filed its third voluntary dismissal. Therefore, like the first two dismissals, it was a gesture with no effect.
The trial court erred as a matter of law when it held that it lost jurisdiction in this case on the date Universal filed its first voluntary dismissal and that by operation of that voluntary dismissal the default judgment was set aside. Rather, we conclude that there was no civil action pending at any of the points in time that Universal tried to voluntarily dismiss the case. Moreover, as of October 1, 2015-thirty days after the entry of the default *731 judgment-the trial court lost jurisdiction over the underlying case and control of the default judgment. Because that default judgment was never effectively set aside, the court had no jurisdiction to enter the order and judgment on August 1, 2017, in which it purported to dismiss Universal's claims with prejudice and Randall's counterclaims without prejudice. On remand, that order and judgment must be vacated.
Because Randall's motion to set aside was not properly disposed of by the trial court's "so ordered" ruling on August 29, 2016, that motion is still pending and must be addressed on remand. We remind the trial court that a motion to set aside a default judgment under either Rule 74.05(d) or Rule 74.06(b)(4) "does not prove itself and must be supported by affidavits or sworn testimony." Ground Freight Expeditors, LLC v. Binder , 407 S.W.3d 138, 141 (Mo. App. W.D. 2013). Where the motion to set aside a judgment is unverified and unsupported by affidavits or sworn testimony, the trial court has no basis for granting the motion. Court of 5 Gardens Condominium Association v. 10330 Old Drive, LLC , 326 S.W.3d 834, 837 (Mo. App. E.D. 2010) ; see also McGee ex rel. McGee v. City of Pine Lawn , 405 S.W.3d 582, 587 (Mo. App. E.D. 2013). Randall's motion was not verified, nor was it supported by affidavits or other sworn testimony,[2] but the court would be within its discretion to allow the filing of affidavits or to hold an evidentiary hearing on remand. Moreover, to be effective and immediately appealable,[3] the ruling on Randall's motion should be made in a final judgment denominated as such. Unless and until the default judgment is properly set aside, no voluntary dismissal under Rule 67.02 will be effective.[4]
The case is remanded with the directions to the trial court to vacate the August 1, 2017 order and judgment and to rule on the pending motion to set aside the default judgment in a manner consistent with this Opinion.
Sherri B. Sullivan, J. and Kurt S. Odenwald, J., concur.

We have jurisdiction on appeal to determine this jurisdictional questions. See Applied Bank v. Wenzlick , 344 S.W.3d 229, 231 (Mo. App. E.D. 2011). "Indeed, were it not so, an appellate court would not have the ability to adjudicate whether a judgment is invalid because entered by a trial court when it did not have jurisdiction. The effect would be to leave the invalid judgment intact." Id. (quoting In re Estate of Shaw, 256 S.W.3d 72, 77 (Mo. banc 2008) ). [1] We note if we were to dismiss the appeal on the ground that Randall is not aggrieved, as Universal requests, that would also leave an invalid judgment intact, which is further reason to allow her to proceed with this appeal.

We note that the "declaration" Randall filed to supplement her motion does not constitute an affidavit because it was not sworn to before someone authorized to administer such an oath. See Jordan v. Peet, 409 S.W.3d 553, 561 (Mo. App. W.D. 2013).

We acknowledge that in one case the court said it was not necessary that the ruling setting aside the default judgment-made in a docket entry-be denominated a final judgment. The court nevertheless reviewed the ruling on appeal because the default judgment had been proven to be void for lack of personal jurisdiction due to improper service; being void, it was void from its inception, which distinguished it from default judgments a court had the power to enter but then chose to set aside for good cause or other reasons. Griffin v. Kandi Technologies Corporation , 454 S.W.3d 341, 350 (Mo. App. S.D. 2014). This "exception" to the final judgment rule would appear to apply only in a situation, like the one in Griffin , where the ruling setting aside the void default judgment was challenged as part of an appeal from an appealable final judgment otherwise entered in the action. See id. (plaintiffs challenged ruling on motion to set aside as part of appeal from final judgment entered after jury trial); see also City of Kansas City v. Ross , 508 S.W.3d 189, 193 (Mo. App. W.D. 2017) (citing Griffin in dicta). To be immediately and independently appealable, the ruling should be in a final judgment denominated as such.

We note that if the default judgment is set aside, any counterclaims filed thereafter would survive a later voluntary dismissal of the plaintiff's claims. See Rule 67.05 ("No dismissal, voluntary or involuntary, of a plaintiff's civil action shall operate to dismiss a previously filed counterclaim or cross-claim).